## 29768. BROWN v. THE STATE.

JORDAN, Justice.

Theodore Brown was convicted of murder, sentenced to life imprisonment, and appeals.

Appellant contends that "the trial court erred in refusing to permit the investigating officer, W. L. Williams, from testifying as to the results of a line-up in

which the defendant was in, wherein another person was identified as the gunman."

The order of testimony in the trial of the case is important and was as follows: W. L. Williams, the officer who conducted the line-up, was called to the stand by the state and asked a number of questions as to certain statements made by the appellant and other witnesses.On cross examination Officer Williams testified that there had been a line-up, and further testified who had viewed the line-up and that appellant and his brother were in it. Appellant's counsel then asked Williams "who did Matthew Washington pick out as the person who shot him and killed his brother?" The state objected to the question as being hearsay and the objection was sustained since Matthew Washington was in court and available to testify. When Matthew Washington was called to testify for the defense he claimed a total lack of memory concerning the line-up due to mental problems and shock after the shooting. After determining that Washington could not testify as to what occurred at the line-up, counsel for appellant recalled the police officer but failed to ask him any further questions concerning the line-up. At no time during the trial of the case did appellant's counsel make an offer of proof as to what Officer Williams would have said had he been allowed to answer the question.

1. Appellant's contention that the trial court erred in excluding the testimony is not meritorious. At the time the question in issue here was propounded to Officer Williams, Washington was present and available to testify. Anything Williams testified to concerning either a verbal identification or a physical gesture pointing out which of the suspects was being identified would be inadmissible hearsay at the time the question was asked. Code § 38-301; see also 71 ALR2d 449. After it was determined that Washington could not recall the line-up, and Williams was recalled to the stand, counsel for the appellant made no effort to show the necessity of the policeman's testimony. However, as stated before, when Williams was recalled counsel for appellant did not pursue the issue, and the trial judge was not called on to make a ruling under the circumstances as they existed at

that time. The case of *Jackson v. State*, 225 Ga. 39 (9) (165 SE2d 711), relied on by appellant, is distinguishable on its facts from the situation existing here.

2. The appellant did not argue his enumeration of error on the general grounds and it is deemed abandoned.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED MARCH 24, 1975 — DECIDED JUNE 24, 1975.

*Reginald C. Haupt, Jr.,* for appellant.

*William McAbee, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

