### 30956. PAINTER et al. v. THE STATE.

INGRAM, Justice.

Jerry Walter Painter and Dennis "Hog" Dale were convicted by a jury verdict in the Superior Court of Franklin County of the offenses of armed robbery, motor vehicle theft and aggravated assault. Each defendant received consecutive 20, 7 and 10-year sentences. This direct appeal from the verdict and sentences was filed jointly by the defendants.

The evidence shows that on December 30, 1974, the home of Mr. and Mrs. Bud Williams in Martin, Georgia, was approached by a man who asked Mr. Williams for permission to use the telephone. When he got close to Mr.

Williams, he pulled out a pistol and the two of them got in a struggle. Mr. Williams was hit over the head with the gun. A second intruder approached with a shotgun. Mr. and Mrs. Williams were subdued and forced to sit down while the two men ransacked the house. Mrs. Williams finally told the men that the money they were looking for was in the car. The men were later identified by both the victims as appellants Dale and Painter.

Appellant Dale took the Williams' car keys and went outside to search the Williams' car. Meanwhile, Mr. Williams got up, grabbed his shotgun and went outside. Mr. Williams shot at appellant Dale in the carport. Dale tried to start the Williams' car and leave the scene. Mr. Williams shot at him again with the shotgun but Dale managed to get away in the Williams' car with the $6,000 cash in the trunk. After Mr. Williams fired the shotgun, appellant Painter ran around the house and escaped into the woods. Later, Mr. Williams chose appellant Dale's picture from a group of pictures shown to him by the police. Appellants Dale, Painter and a third man were arrested. A lineup was held one day after their arrest and at this pre-indictment lineup, both Mr. and Mrs. Williams identified appellant Painter as the second assailant. At the trial both Mr. and Mrs. Williams identified appellants Painter and Dale as the perpetrators of the crimes.

Appellants argue it was error to fail to provide counsel at a lineup which was held one day after arrest and a month before indictment. In Kirby v. Illinois, 406 U. S. 682 (1972) the defendant was arrested and placed in a lineup to be identified by the victim of the robbery. No counsel was provided. The Supreme Court refused to find any violation of his constitutional rights. The right to counsel " . . . attaches only at or after the time that adversary judicial proceedings have been initiated against him." See also Godbee v. State, 232 Ga. 259, 262 (206 SE2d 432) (1974). There was no error in failing to provide counsel in a lineup held prior to either an in-dictment or commitment hearing. See Hunt v. Hopper, 232 Ga. 53 (205 SE2d 303) (1974); Jones v. State, 232 Ga. 771, 774 (208 SE2d 825) (1974); West v. State, 229 Ga. 427, 428 (192 SE2d 163) (1972); Mitchell v. Smith, 229 Ga. 781, 783 (194 SE2d 414) (1972).

Appellants also contend the lineup was so impermissibly suggestive that it tainted the subsequent unequivocal in-court identification made by the victims. We do not find this contention to have any merit. Under the totality of these circumstances, including the opportunity of the victims to observe the robbers in good light for a substantial period of time, we hold that this lineup did not impermissibly taint the subsequent in-court identification. See *Yancey v. State,* 232 Ga. 167 (205 SE2d 282) (1974) (show-up). See also *Code v. State,* 234 Ga. 90, 98 (214 SE2d 873) (1975); *Ramsey v. State,* 232 Ga. 15, 16 (205 SE2d 286) (1974).

Appellants also enumerate as error the testimony of a GBI agent that Mr. Williams had identified appellant "Hog" Dale as one of the robbers by choosing his picture in a photographic display. The trial judge allowed the testimony to explain the officer's conduct in arresting appellant Dale. It is argued on appeal that the testimony that appellant Dale's picture was identified by the victim was inadmissible hearsay. In our opinion, this testimony was clearly admissible for the purpose for which it was received in evidence. *Goughf v. State,* 232 Ga. 178, 181 (205 SE2d 844) (1974) controls our determination of this issue. There is language in *Brown v. State,* 234 Ga. 632, 633 (217 SE2d 150) (1975), relied on by appellant, that would suggest a contrary ruling. However, *Brown* is distinguishable from the present case. Similar testimony in that case was not offered for the purpose of explaining conduct as it was here and in *Goughf.*

We decline to follow *Brown* in this case for the additional reason that it is contrary to the older decisions of this court in *Montos v. State,* 212 Ga. 764, 767 (95 SE2d 792) (1956) and *Martin v. State,* 225 Ga. 234 (167 SE2d 638) (1969) which were not discussed in *Brown.* The most recent decision of this court dealing with a similar issue is *Peebles v. State,* 236 Ga. 93, 95 (222 SE2d 376) (1976). In summary, *Brown* is not controlling in this case and whether it will be followed in later cases, in view of *Peebles,* is not decided. We find no merit in this enumeration of error in the present case. *Goughf v. State,* supra.

In a colloquy with defense counsel, the trial judge

commented that the identification of appellant Dale would come out later in the trial anyway. This is cited as error on appeal. However, no objection was made to this comment at the trial. A party cannot ignore what he thinks is an injustice, take his chance on a favorable verdict and complain later. See *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221) (1951). It is too late to argue this comment of the trial judge is error when it is presented for the first time on appeal.

Enumeration of error No. 4 concerns the admission into evidence of x-ray films identified as those of appellant Dale showing metallic pellets in his body. Mr. Williams testified that he shot one of the robbers with his shotgun. An x-ray technician testified that she made a series of x-rays of appellant Dale, saw the film come out of the box and could identify it from notations on the envelope in which the x-rays were stored. The x-ray film itself was not marked and could not be identified separately from the envelope. Appellant Dale complains that the film could have been of anybody and that the technician could not positively identify the film.

A similar enumeration of error concerns a vial of blood admitted over objection that the state had not proven the chain of custody. A GBI agent testified that the sample was taken from appellant in his presence and that he delivered it to the state crime lab to Mr. Sheckel. Mr. Shepoi, of the crime lab, ran the blood tests and testified about the identification of blood type made on the blood sample. Appellant Dale's blood type was the same blood type as the blood type found on the door panel of the Williams' car.

We reach the same conclusion with respect to each of these items of evidence. The chain of custody established was sufficient to authorize the admission of each of them into evidence. Circumstances must establish a reasonable assurance of the identity of the sample, but need not exclude every possibility of tampering. See *White v. State,* 230 Ga. 327, 334 (196 SE2d 849) (1973); *Patterson v. State,* 224 Ga. 197, 199 (160 SE2d 815) (1968); *Meadows v. State,* 135 Ga. App. 758 (219 SE2d 174) (1975); *Interstate Life & Accident Ins. Co. v. Whitlock,* 112 Ga. App. 212, 220, 224 (144 SE2d 532) (1965).

The final enumeration of error concerns the trial court's refusal to grant appellants' motions for directed verdicts of acquittal on some of the counts. Appellant Painter claims that the evidence as to him shows only that he was guilty of aggravated assault and not armed robbery or motor vehicle theft because he escaped when the victim reached for his shotgun and actually left the scene before the car and money were taken by appellant Dale. Appellant Dale claims that he cannot be guilty of aggravated assault because the evidence shows that only appellant Painter hit the victim. Mr. Dale also argues he cannot be guilty of armed robbery because at most the evidence shows he merely took the car and not the money which happened to be in the trunk.

To accept these arguments, we would have to ignore the fact that the two appellants were co-conspirators who entered into a scheme to rob the Williamses of a sum of money they were rumored to keep at home. That is exactly what occurred and each of the participants in the conspiracy is responsible for the acts of the other. See *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975). See also Code Ann. § 26-801. The evidence authorized the jury to find that both appellants scuffled with Mr. Williams and forced him at gunpoint to relinquish dominion over the car and money. They became interested in the Williams' car as soon as they learned the money was in it. "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon." Code Ann. § 26-1902. See also *Welch v. State,* 235 Ga. 243 (219 SE2d 151) (1975). The evidence shows the Williamses were forced at gunpoint to relinquish the car keys to appellant Dale. When he took the keys, he took dominion over the money because appellants knew, from the information they obtained involuntarily from Mrs. Williams, that the money was located in the trunk of the car. The evidence authorizes the convictions by the jury of appellants for these offenses.

However, because the theft of the automobile was part of the armed robbery as a matter of fact, the crime of motor vehicle theft became a lesser included offense of armed robbery in this case. See Code Ann. § 26-505; *State*

*v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974); and *Roberts v. State,* 228 Ga. 298 (185 SE2d 385) (1971). The appellants' convictions for motor vehicle theft are, therefore, reversed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED MARCH 22, 1976 — DECIDED JUNE 8, 1976.

*J. Cleve Miller,* for appellants.

*Clete D. Johnson, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.