## 53063. CALLOWAY v. THE STATE.

MARSHALL, Judge.

Appellant Calloway brings this appeal from his conviction of a sale of heroin in violation of the Georgia Controlled Substances Act and his sentence to ten years imprisonment. He enumerates as error the alleged erroneous admission of evidence of certain uncharged misconduct and the failure of the state to establish the identity of and chain of custody of the alleged heroin. *Held:*

1. In his first enumeration of error appellant complains of prejudice flowing from evidence tending to show other uncharged sales of heroin to the same undercover agent. The state established the sale charged in the indictment through the testimony of the undercover agent. There were no other eyewitness accounts of the sale. Calloway testified in his own behalf that he had never seen the undercover agent before and denied that she had ever been in his place of business. He expressly denied that he had sold drugs to her at any time, either on the day in question or on other days. In rebuttal, the state was allowed to introduce evidence that Calloway had sold heroin or engaged in negotiations leading to such sales to the same agent on two or three other occasions. This evidence was offered for the limited purpose of establishing an opportunity for the agent to know and identify Calloway and for the purpose of impeaching his credibility. The trial court in its charge to the jury expressly limited the evidence to that purpose.

A defendant's character is not placed in evidence in the sense that doing so is proscribed where the evidence, offered for another purpose (impeachment in this case) may tend incidentally to do so. See *Collins v. State,* 129 Ga. App. 87 (2) (198 SE2d 707) and cases compiled therein. Also *Whippler v. State,* 218 Ga. 198, 200 (126 SE2d 744). There was no error in allowing the undercover agent's rebuttal testimony to establish the verity of the identification of Calloway and to impeach his earlier testimony, particularly where the evidence was admitted for this limited purpose and the trial judge clearly explained this to the jury. This contention is without merit. *Drains v. State,* 138 Ga. App. 607, 608 (2) (226 SE2d 604); *Childers v. State,* 131 Ga. App. 74 (2) (205 SE2d 56).

2. In his second enumeration, appellant asserts the state failed to identify the heroin introduced into evidence as being the substance taken from him and failed to establish a continuous chain of custody. Appellant basically has raised a question of credibility rather than a question of chain of custody. The evidence showed that the undercover agent, the police officer to whom she delivered the substance shortly after the purchase, and the state chemist, all clearly identified the packet as being one and the same with the one they had handled. This was a matter for the jury and that matter was resolved against appellant. *Guy v. State,* 138 Ga. App. 11 (2) (225 SE2d 492). In proving chain of custody, the state is not required to show that the substance is guarded each minute it is in one's custody, and in the absence of a showing to the contrary, the chain is not thereby broken. In the absence of evidence of tampering with the substance, as is true in this case, the chain of custody has not been shown to be broken. *Davis v. State,* 135 Ga. App. 203 (217 SE2d 343); *Patterson v. State,* 138 Ga. App. 290, 293 (226 SE2d 115). This enumeration likewise is without merit.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED NOVEMBER 3, 1976 — DECIDED JANUARY 14, 1977 — REHEARING DENIED JANUARY 28, 1977.

*William D. Smith,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald G. Frost, Assistant District Attorneys,* for appellee.