## 53383. HOLLAND v. THE STATE.

STOLZ, Judge.

The defendant appeals from his two convictions of possession and sale of controlled substances (heroin).

1. In his first enumerated error the appellant contends that the state failed adequately to prove the chain of custody of the evidence and to eliminate the possibility of contamination or substitution of the evidence. This contention is based upon testimony that the evidence was held by a G.B.I. agent for 27 hours, during which time it was in his jacket pocket, hanging in his closet, while someone else "may have been" in his apartment; and that it was stored overnight (in one of the appellant's cases) and over a weekend (in his second case) at the Metro Drug Unit's property room in a storage bin, to which all of said drug unit's members had access, with no control or access sheet or log showing who else might have entered this room while the suspected heroin was stored there.

In a similar case, this court held that, "Appellant basically has raised a question of credibility rather than a question of chain of custody." *Calloway v. State,* 141 Ga. App. 125 (2). In the case sub judice, as in *Calloway,* supra, the evidence showed that the undercover agent, the police officer to whom he delivered the substance, and the state chemist, all clearly identified the substance as being one and the same with those they had handled. Contrary to the appellant's contention, the state did not have the burden of eliminating the possibility of contamination or substitution of the evidence. "In proving chain of custody, the state is not required to show that the substance was guarded each minute it is in one's custody, and in the absence of a showing to the contrary, the chain is not thereby broken. In the absence of evidence of tampering with the substance, as is true in this case, the chain of custody has not been shown to be broken." *Calloway,* supra, p. 126. This enumerated error is without merit.

2. The trial judge did not abuse his discretion in denying the appellant's motion for a continuance, to afford him an opportunity to obtain the voluntary appearance at the trial, as a witness, of a person upon

whom an issued subpoena could not be served, because she was living outside the state, according to her family. The appellant's motion does not appear in the transcript or the record before this court, and thus it does not affirmatively appear that the requisite showing of Code § 81-1410 was made.

3. The third enumerated error, the failure to direct a verdict of acquittal, is without merit.

The chain-of-custody argument has been dealt with in Division 1 above.

It was not incumbent on the state to negate the possibility that the appellant's possession of heroin was authorized; proof of possession made a prima facie case, which the appellant might, but did not, rebut by pleading and/or proving his authorization, if any.

Similarly, the appellant failed to prove, by merely his own uncorroborated testimony, his alleged defense that he had been threatened by officials of the Chatham County Metro Drug Unit with being arrested on a false charge if he refused to act as an intermediary for them in apprehending other individuals. Although the record before us contains a subpoena for the captain in charge of the drug unit, it nowhere appears that a proper motion for continuance to obtain his testimony was made.

Furthermore, there is sufficient evidence in the transcript to authorize the conviction.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 3, 1977 — DECIDED FEBRUARY 25, 1977.

*Miller, Beckmann & Simpson, Lamar W. Davis, Jr.,* for appellant.

*Andrew J. Ryan, III, District Attorney, pro tem., Robert M. Hitch, III, William H. McAbee, II, Assistant District Attorneys,* for appellee.