## 57609. MEEKS v. THE STATE.

BANKE, Presiding Judge.

The defendant was convicted of selling marijuana in violation of the Controlled Substances Act. On appeal, he contends that the evidence was insufficient to establish the chain of custody of the alleged contraband with reasonable certainty.

The undercover officer to whom the sale was made testified that he placed the substance in a locked briefcase, where he kept it for the next week or two until

he delivered it to the State Crime Laboratory. He stated that, since the sale had occurred over two years prior to trial, he could not recall what type of container the substance had been stored in. Apparently, he made no notes subsequent to the sale by which he might have refreshed his recollection, nor did he mark the container so as to identify it as having come from the defendant. The officer testified that there may have been other marijuana stored inside his briefcase during this period of time due to purchases from other persons. The State Crime Laboratory destroyed the evidence prior to trial because it was over two years old. *Held:*

Since the suspected marijuana and its container were fungible items, i.e., they were not identifiable by their own characteristic appearance, the test results were not admissible and had no probative value absent other evidence sufficient to show with reasonable certainty that the substance tested was the same as the substance seized. See *Patterson v. State,* 224 Ga. 197, 199 (160 SE2d 815) (1968); *Painter v. State,* 237 Ga. 30, 33 (226 SE2d 578) (1976); *Gordon v. State,* 145 Ga. App. 820 (244 SE2d 914) (1978). There was no such evidence in this case. The container of marijuana was never marked, the officer could not recall what it looked like, and there may have been other such containers in his briefcase. Rather than make a prompt, written memorandum of the transaction, which is an elementary procedure in good law enforcement work, the officer attempted to retain the essential facts entirely by memory over a 2-year period. As a result of these factors the record before us does not establish with any semblance of certainty that the substance delivered to the crime lab came from the defendant rather than from some other source.

The cases of *Calloway v. State,* 141 Ga. App. 125 (2) (232 SE2d 603) (1977) and *Holland v. State,* 141 Ga. App. 422 (233 SE2d 497) (1977), cited by the state, are inapposite to the situation before us. Those cases merely hold that the state has no initial burden of proving that evidence has not been tampered with while in the custody of law enforcement officials. The question here is not whether the evidence was tampered with while in police custody but whether it became confused with other

evidence due to the failure to label it before mixing it with the other contraband.

*Judgment reversed. Underwood and Carley, JJ., concur.*

SUBMITTED APRIL 9, 1979 — DECIDED MAY 14, 1979 — REHEARING DENIED JUNE 5, 1979 — ■

*Paul S. Weiner,* for appellant.

*Beverly B. Hayes, Jr., District Attorney,* for appellee.