59006. WILLIAMS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of a violation of the Georgia Controlled Substances Act. *Held:*

1. There was sufficient corroboration of the accomplice's testimony in the testimony of a police officer who saw defendant throw a white cloth on the ground from which the controlled substance was later taken by a police undercover agent when the cloth was pointed out by the accomplice. Slight evidence of corroboration connecting the defendant with the crime is sufficient and the sufficiency of the corroboration of the accomplice is entirely a matter for the jury. *Atcheson v. State,* 136 Ga. App. 152 (1) (220 SE2d 483).

2. Defendant claims error because an in-custody statement made by him was received in evidence without a showing of a proper rights warning, and that the jury was not thereafter charged on the issue of voluntariness.

The trial court found from conflicting evidence that there was a proper rights advisement. The finding is not clearly erroneous and will not be disturbed. *High v. State,* 233 Ga. 153 (210 SE2d 673), *Phillips v. State,* 238 Ga. 497 (233 SE2d 758). Since defendant did not request a charge on voluntariness, there was no error in failing to give such a charge. *Batts v. State,* 238 Ga. 664, 667 (235 SE2d 377).

3. Defendant contends the chain of custody of the drugs purchased was not established sufficiently to show there was a reasonable certainty there had been no tampering or alteration. The evidence showed that the vial of drugs was purchased by an undercover agent on February 24, 1978 from an accomplice of defendant. The agent kept it in her possession or in various secure containers until March 14, 1978 when she turned it over to a Mrs. Kumin at the state crime laboratory branch in Moultrie. Mrs. Kumin did not testify. The agent next saw and identified the vial and its contents at the trial. The state forensic toxicologist who testified that the contents of the vial were a controlled substance, said that he had first seen and examined the drug on April 4, 1979, the morning of the day he testified. Although he did not know of his own knowledge when the vial was brought to the crime laboratory or who brought it, he stated that the drug vial and contents were kept in the laboratory evidence room from when it was received until he examined it.

"In proving chain of custody, the state is not required to show that the substance was guarded each minute it is in one's custody, and in the absence of a showing to the contrary, the chain is not thereby broken. In the absence of evidence of tampering with the substance . . . the chain of custody has not been shown to be broken. [Cits.]" *Calloway v. State,* 141 Ga. App. 125, 126 (232 SE2d 603). "[W]hen there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. [Cits.]" *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174). The trial court did not err in admitting the drugs.

4. The trial court overruled defense objections to a police witness relating remarks an informant told her defendant had made concerning drug trafficking. The

statements were admitted for the purpose of explaining the subsequent conduct of the witness and the jury was instructed to consider them for that purpose only and not for the truth of their contents. Defendant claims error because this hearsay was prejudicial and placed his character in issue. We do not agree. "It was not error to admit the evidence in question merely because it might have a prejudicial effect on the defendant. [Cits.] The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness that, acting on such information, he discovered other facts connecting the accused with the crime in question. [Cit.] Hearsay testimony may be admitted for the purpose of explaining conduct. [Cit.]" *Lloyd v. State,* 139 Ga. App. 625, 626 (229 SE2d 106). See also *Carroll v. State,* 143 Ga. App. 796 (2) (240 SE2d 197).

5. It is not error to prohibit defense counsel from asking the jury in voir dire whether they would give more weight to a police agent's testimony than to defendant's. *Smith v. State,* 148 Ga. App. 1 (1) (251 SE2d 13).

6. The conviction was based on circumstantial evidence which defendant contends was insufficient to exclude every reasonable hypothesis save that of guilt. "[Q]uestions of reasonableness are generally for the jury to decide under proper instructions. [Cit.] Our task on appeal is to judge only the sufficiency of the evidence, not its weight: we ask whether there is any evidence sufficient to authorize the fact finder to return a verdict of guilty. [Cit.]" *Williams v. State,* 239 Ga. 12, 13 (235 SE2d 504). We find the evidence sufficient to authorize a rational jury to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, —— U. S. —— (99 SC 2781, 61 LE2d 560).

7. After deliberating for a time, the jury asked to view the scene of the alleged drug transaction, which the trial court denied. This is a discretionary matter and we do not find an abuse thereof. *Sutton v. State,* 237 Ga. 418 (3) (228 SE2d 815).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 20, 1979 — DECIDED FEBRUARY 12, 1980.

*Ken Gordon,* for appellant.
*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.