## 62950. STRONG v. THE STATE.

DEEN, Presiding Judge.

John Leon Strong brings this appeal from his conviction of violating the Georgia Controlled Substances Act on November 29, 1980.

1. There is no merit in appellant's contention that the trial court erred in admitting the state's first exhibit over objection. Three officers (James, Easters and Lindsay) testified that they were present when a plastic bag containing twelve manila envelopes were removed from the waistband area of a co-defendant's pants. Lindsay actually removed the bag and Easters printed the label which was placed on the bag and it was turned over to James who placed it in his evidence locker overnight. In the morning, James turned the evidence over to Sgt. Smith who took it to the State Crime Laboratory in Moultrie where it was received by Dr. Curtis on December 2, 1980. As the bag was leaking its contents, Dr. Curtis placed it inside another plastic bag and placed it in the evidence locker. He analyzed the contents on December 4, 1980, and they tested positive for marijuana. On January 9, 1981, Dr. Larry Howard removed the bag from the evidence locker and took it with him to Atlanta. It was returned by mail from the State Crime Laboratory in Atlanta to the Moultrie laboratory on February 11, 1981. Appellant claims that there was a break in the chain of custody because the police officers could not positively state that the manila envelopes offered in evidence at trial were the same ones taken from Lewis, the co-defendant, and that the custody chain was also broken because Dr. Howard did not testify at trial.

When asked to identify the evidence, Officer James testified that the exhibit appeared to be the plastic bag that the manila envelopes were in, that the envelopes were the same type that were seized, and that he turned the evidence over to Sgt. Smith. Officer Easters identified the plastic bag because he had printed a label and placed it on the bag after it was removed from Lewis. Although Smith could not positively identify the manila envelopes containing marijuana as the ones turned over to him in the plastic bag, he testified that after he received the plastic bag from James he filled out an information sheet, attached it to the bag containing the manila envelopes and took it to the crime lab. Dr. Curtis identified the evidence as that which he received from Smith.

We find that the appellant has not raised a chain of custody question, but rather a question of credibility. "The burden the state must carry to gain admission of evidence such as this is to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. *Patterson v. State,* 224 Ga. 197 (2) (160 SE2d 815)." *Johnson v. State,* 143 Ga. App. 169 (237 SE2d 681) (1977). The state is not required to negative all possibility of tampering, but need only show that it is reasonably certain that the evidence was not altered. *Painter v. State,* 237 Ga. 30 (226 SE2d 578) (1976); *Meadows v. State,* 135 Ga. App. 758 (219 SE2d 174) (1975); *Calloway v. State,* 141 Ga. App. 125 (232 SE2d 603) (1977); *Holland v. State,* 141 Ga. App. 422 (233 SE2d 497) (1977). As to the argument that Dr. Howard's failure to testify resulted in failure to prove chain of custody, we refer the appellant to *Pittman v. State,* 110 Ga. App. 625 (139 SE2d 507) (1964) wherein this court held that a fungible substance which must be analyzed passes through several hands must at all times be accounted for between the taking and the analysis. The fact that the chain of custody might have been broken after analysis would not affect the admissibility of the evidence, but could only call into question whether the material offered at trial was the material analyzed. In some drug cases where a small quantity of the drug is seized, the evidence is frequently consumed by the analysis and is not available as evidence at trial. In any event, the testimony showed that the physical evidence offered at trial was at all times in the custody of the State Crime Laboratory or the United States Postal Service after it was analyzed by Dr. Curtis.

2. Certain hearsay testimony of the police officers was admissible to explain their conduct. *Mooney v. State,* 243 Ga. 373 (254 SE2d 337) (1979); *Redd v. State,* 141 Ga. App. 888 (234 SE2d 812) (1977).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 15, 1982—
REHEARING DENIED FEBRUARY 1, 1982 —

*Mary M. Young,* for appellant.
*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney,* for appellee.