## 62968. EVANS v. THE STATE.

SHULMAN, Presiding Judge.

Appellant Mary Jane Evans was indicted and tried for selling controlled substances (diazepam and marijuana) on three different occasions to undercover police agents. She admitted that she had done so, but maintained that she had been entrapped by the officers. The jury returned verdicts of not guilty on two of the alleged sales, but found appellant guilty of selling diazepam (valium) and marijuana to the agents on April 28, 1980. This appeal stems from the judgment entered on that verdict and from the denial of appellant's motion for new trial.

1. It was not error for the trial court to refuse to give six requested charges on entrapment. After comparing the requested charges with the one given, we are satisfied that the charge as given covers substantially the same rules of law expressed in the requests. Thus, no new trial is required. *Barron v. State,* 157 Ga. App. 186 (4) (276 SE2d 868).

2. Appellant next urges that the guilty verdicts returned by the jury were contrary to the law and evidence in light of the verdicts of acquittal returned in the chronologically earlier counts of the indictment. However, differences between the charges in both the indictment and the evidence were sufficient to warrant different verdicts.

Counts 3 and 4 of the indictment contain the charges of which appellant was acquitted. In each, the date of the alleged offense was made a material element of the offense, thus requiring the state to prove an additional element in those counts that it did not have to prove in the counts of which appellant was found guilty. See *Miller v. State,* 141 Ga. App. 382 (1) (233 SE2d 460). The jury could have concluded that the state carried its burden of proof in Counts 1 and 2, but not in Counts 3 and 4. Furthermore, the undercover agent admitted he had telephoned appellant to arrange the first two sales but stated that appellant had initiated contact with him concerning the third meeting, at which she sold him the valium and marijuana. Thus, the jury may have concluded appellant was entrapped insofar

as Counts 3 and 4 were concerned, but not as to the other charges.

3. The trial court did not unduly restrict appellant's voir dire by sustaining an objection to a question which embodied a legal principle upon which it was the duty of the judge to give instructions. *Lundy v. State,* 130 Ga. App. 171 (2b) (202 SE2d 536).

4. It was error for the trial court to force disclosure of appellant's witness list and then restrict appellant thereto in the presentation of her case. "'A party's right to have the testimony of any witness, when material to the assertion of his rights, is unabridged, except by the exceptions under Code § 38-1603.'" *Baker v. State,* 131 Ga. App. 48 (2) (205 SE2d 79). However, since appellant did not offer any witness whose testimony was disallowed, there has been no showing that appellant was harmed by the trial court's ruling. Therefore, the error does not require a new trial. See *Jordan v. State,* 247 Ga. 328 (10) (276 SE2d 224).

5. Appellant next takes issue with several rulings made during the course of the trial, maintaining that the rulings prejudicially affected appellant's rights to a fair trial and a thorough and sifting cross examination. We have examined the entire trial transcript and conclude that appellant's rights were not violated by the trial court's rulings. Only one of the rulings objected to by appellant (sustaining the state's hearsay objection when the question did not call for hearsay) can be viewed as erroneous, and that error was not so harmful to appellant as to require reversal.

6. Appellant maintains that the tangible evidence introduced against her by the state was improperly admitted into evidence because the items were neither authenticated nor connected with the case at trial. However, the undercover agent testified that he placed the valium and marijuana purchased from appellant on April 28 in a bag which he sealed and signed. The bag was given to a member of the Douglas County Sheriff's office who testified that he gave it to the sheriff. The sheriff testified that he, in turn, surrendered the sealed bag to a chemist at the State Crime Lab who opened the sealed bag, ran tests on the contents, and placed them in an evidence bag. The chemist testified that, as a result of his tests, he identified the contents as marijuana and diazepam. At trial he identified the evidence introduced as that which he had received from the sheriff and which he had brought with him to court. The above-summarized testimony was sufficient to link the evidence admitted to the case. *Calloway v. State,* 141 Ga. App. 125 (2) (232 SE2d 603).

7. In her last enumeration of error, appellant criticizes the trial court for its failure to give the jury curative instructions concerning remarks made during the state's closing argument. At that time, the state's attorney implied that appellant had taken from the hospital

where she worked the drugs she allegedly sold to the police officers. There was evidence from which the district attorney could conclude that the hospital was the source of the drugs in question and, in light of the rule that a prosecutor "is permitted great latitude in drawing deductions from the evidence in his closing argument" (*Baker v. State,* 143 Ga. App. 302 (5) (238 SE2d 241)), we cannot agree with appellant that it was reversible error to permit such argument.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 19, 1982 —
REHEARING DENIED MARCH 4, 1982 — 

*William G. Posey,* for appellant.
*William A. Foster III, District Attorney, Jeff Richards, Assistant District Attorney,* for appellee.