*Lonzy F. Edwards,* for appellant.
*Sharon T. Ratley,* for appellee.

## 64890. EDWARDS v. THE STATE.

BIRDSONG, Judge.

Linda Edwards was convicted of violation of the Georgia Controlled Substances Act, for sale of marijuana. On appeal she contends the trial court erred in admitting marijuana in evidence over her continuing objection that there was no valid showing of chain of custody by the state. *Held:*

The arresting officer in this case, contrary to police department

regulations that evidence be placed in the department evidence locker, kept the marijuana locked in his personal locker for two months before placing it in the police department evidence locker. Appellant contends first that these facts and, specifically, the non-compliance with police procedures for the handling of evidence, rebut the state's prima facie showing of valid chain of custody. While we do not condone such methods as keeping the evidence in the personal locker of an officer, it is fundamental that standards of evidence admissibility are governed by rules of law and are not controlled by compliance or non-compliance with police rules of procedure. The officer testified the evidence remained locked up for two months and was the same evidence he took out of the locker as what he put in. There was no evidence in this case that the chain of custody was broken. *Calloway v. State,* 141 Ga. App. 125 (232 SE2d 603). There was no showing of tampering, and there is no factual basis for us to say that "the record before us does not establish with any semblance of certainty that the substance delivered to the crime lab came from the defendant rather than from some other source," as was in the case in *Meeks v. State,* 150 Ga. App. 170, 171 (257 SE2d 27).

"It is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. [Cits.]" *Johnson v. State,* 143 Ga. App. 169, 170 (237 SE2d 681). That the evidence remained locked in the officer's personal locker rather than in the department evidence locker may have been improper procedure, but it does not by itself suggest that the evidence was not the same as that taken from the appellant; and any suggestion that it does is not even "speculation," it is imagination.

Appellant contends that if we hold in the facts of this case that the state has carried its burden of showing reasonable certainty with regard to chain of custody, we create an unconstitutional presumption unduly burdening the defendant. In effect she contends the criminal defendant can generally never show more than "bare speculation" of tampering because the evidence necessarily remains in police control and the defendant has no access to information which might show tampering. But where the state shows with reasonable certainty, by chain of custody, that the evidence came from the defendant and has suffered no tampering, the law has no reason or authority to imagine otherwise. Neither does the defendant. What the appellant is seeking to have us establish, in effect, is that since anything can happen or be done to evidence in the state's control, it will happen or be done, and hence there is always a presumption that the state's evidence is not authentic. This we will

not hold.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 9, 1982 —
REHEARING DENIED DECEMBER 6, 1982 —

*Howard T. Scott,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.