## 65332. MURRELL v. THE STATE.

McMURRAY, Presiding Judge.

This case involves three separate violations of the Georgia Controlled Substances Act (three counts of selling marijuana) all allegedly made to the same undercover agent of the Georgia Bureau of Investigation. Defendant appeals, enumerating error in the denial of his motion for directed verdict with reference to one count of the marijuana sales and also that the court should have determined as a matter of law that he had been entrapped. *Held:*

1. We will consider the entrapment issue first. Clearly, the actions and conduct of the undercover agent did not amount to undue persuasion as defined in the case of *Garrett v. State,* 133 Ga. App. 564, 566 (3) (211 SE2d 584). The evidence does not establish that the defendant was induced to commit the crime which he would not otherwise have committed by undue persuasion, incitement or deceitful means, the phrase "undue persuasion" being something more than repeated requests for contraband goods. Here the agent merely made a number of requests for marijuana before the defendant sold the first marijuana to him. Thereafter, the agent requested defendant to supply him further with marijuana. Clearly, the defendant was ready and willing to sell the drugs in this instance. The evidence does not establish, as a matter of law, that the agent improperly induced the defendant to sell him marijuana on the three occasions in question. See *Allen v. State,* 120 Ga. App. 533, 535 (4) (171 SE2d 380). Compare *Johnson v. State,* 147 Ga. App. 92, 93 (1) (248 SE2d 168). The agent merely afforded the defendant the opportunity to commit the crimes charged. See *Hill v. State,* 225 Ga.

117 (166 SE2d 338). There is no merit in this complaint.

2. The basis for defendant's claim that a directed verdict of acquittal on Count 1 should have been granted is based on the agent's inability to positively and conclusively identify the bags he received from the defendant. Nevertheless, the officer testified positively to the purchase of the marijuana from the defendant and there is no merit in this complaint in failing to identify with absolute certainty the identity of the material (the brown paper bag and the clear plastic bag containing the marijuana) as being the same ones the agent received from the defendant. These items were in the same "Zip-Lock" bag with the evidence tag identifying the defendant as the source thereby establishing reasonable assurance they were in fact the same. See in this connection *Painter v. State,* 237 Ga. 30, 33 (226 SE2d 578). Compare *Meeks v. State,* 150 Ga. App. 170 (257 SE2d 27). Here there was more evidence than that shown in *Meeks* to establish an unbroken chain of custody to authorize the admission of the sample inasmuch as it was labelled, handled and kept in such a manner as to enable it to be identified with the person from whom it was taken. See *Starks v. State,* 113 Ga. App. 780, 781 (1) (149 SE2d 841). After a careful review of the trial transcript and record we are convinced and so hold that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of violation of the Georgia Controlled Substances Act (sale of marijuana) as to this count as well as the two other counts. See *Rachel v. State,* 247 Ga. 130, 131 (1) (274 SE2d 475); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 4, 1983 —
REHEARING DENIED MAY 5, 1983 — 

*Elsie Higgs Griner, Galen P. Alderman,* for appellant.
*Thomas H. Pittman, District Attorney, Robert C. Wilmot, Assistant District Attorney,* for appellee.