## 66927. ELDER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for the offenses of forgery in the first degree (3 counts), forgery in the second degree (1 count), and also for two counts of being a recidivist (previous felony convictions). He was tried and convicted by the jury as to the forgery counts and after the bifurcated trial procedure the court sentenced him to the maximum sentence of 10 years on each of Counts 1, 2 and 3, to run consecutive to each other, and 5 years on Count 4 to run consecutive to the sentence on Count 3, or for a determinate time of 35 years. Following the denial of his motion for new trial the defendant appeals. *Held:*

1. The state's evidence disclosed that the defendant uttered at three separate businesses three of four forged cashier's checks, all having the same number thereon and supposedly containing the same authorized signature of the employee at the bank issuing the checks. In two instances he fraudulently received goods and U. S. currency by the use of these checks. His attempt to purchase a watch at the third business caused the manager to refuse to cash the check and to report same to the police, based upon information he had recently obtained at a seminar on forged checks. After the defendant left the scene he entered another store where he was observed by the manager of that store bending over at one of the dress racks in the rear of the store. The manager then recovered a wallet from under the rack which she turned over to a police officer, and this police officer then proceeded to the rear of the store and obtained from under another dress rack two of the cashier's checks and the envelope in which they were found. A witness, who was a teller at the bank where the cashier's checks were allegedly obtained, testified as to her duties in typing, cutting, and signing cashier's checks. She testified that the checks in question were supposedly cashier's checks issued by the

bank, but the checks in question were not issued by the bank and not signed by her. She further testified that she did not authorize anybody to sign her name and the name appearing thereon is not her signature. The essential elements of the offenses of forgery in the first degree with reference to Counts 1, 2 and 3 and, as to the offense of forgery in the second degree with reference to Count 4 were proved beyond a reasonable doubt with reference to this defendant. See *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1); *Valenzuela v. State,* 157 Ga. App. 247, 249-250 (2) (277 SE2d 56). We have examined the record here and are fully convinced the evidence was sufficient for a rational trier of fact (the jury in the case sub judice) to reasonably determine the defendant guilty beyond a reasonable doubt. See *Mullis v. State,* 248 Ga. 338 (1) (282 SE2d 334); *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293); *Castleberry v. State,* 152 Ga. App. 769, 770 (264 SE2d 239).

There is no merit in the defendant's complaint that the evidence was insufficient to support the verdict.

2. The defendant next complains that the trial court erred in admitting into evidence over objection the state's physical exhibits such as a fingerprint card allegedly containing the defendant's fingerprints, one of the forged checks he delivered, the two checks found in the rear of the store, and other physical items which the circumstances disclosed he attempted to dispose of prior to his arrest. No chain of custody is required to be proven where distinct and recognizable objects are identified. *Starks v. State,* 113 Ga. App. 780, 781 (1) (149 SE2d 841); *Lord v. State,* 134 Ga. App. 683, 684 (2) (215 SE2d 493). Even so, the chain of custody with reference to these items was clearly established by the state. The trial court did not err in admitting into evidence any of the state's exhibits.

3. The remaining enumeration of error by the defendant contends that the trial court erred in denying a mistrial when the state, in its closing argument, injected the accusation that the defendant used and possessed a stolen credit card, a crime not charged against the defendant here. There is no merit in this complaint. The evidence established that the defendant had used a stolen credit card belonging to another as identification. The state was merely arguing facts already in evidence and reasonable inferences therefrom. There was no objection to the admissibility of the evidence; hence, the defendant could not object to the argument with reference thereto. See *Smith v. State,* 116 Ga. App. 45, 48 (156 SE2d 380); *Gattlen v. State,* 134 Ga. App. 71 (213 SE2d 173).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 20, 1983 —
REHEARING DENIED NOVEMBER 7, 1983 — ■■■■■■■■

*Ronald G. Shedd,* for appellant.
*F. Larry Salmon, District Attorney, Stephen F. Lanier, T. Russell McClelland, Assistant District Attorneys,* for appellee.