## 71567. BOYER v. THE STATE.
(343 SE2d 146)

BEASLEY, Judge.

Defendant appeals his conviction for selling cocaine (OCGA §§ 16-13-26 (1) (D) and 16-13-30 (b)) and for selling a noncontrolled substance upon the implied representation that it was the controlled sub-

stance amphetamine. (OCGA §§ 16-13-30.1 (a) (1) (A) and 16-13-26 (3) (A)).

1. The first contention is that the state failed to establish the chain of custody for the packet of cocaine introduced into evidence because the laboratory chemist who had primary custody of the substance for over two months did not testify.

Another chemist in the same lab also performed tests, when it was discovered that trial was imminent and the first chemist was out of the country, and he identified the substance as cocaine. This witness had originally obtained the cocaine from the officer who purchased it, given it to the first chemist, and retrieved it from the absent chemist's bin in the drug vault to which both had access. There was no evidence that the drug packet had been tampered with or that anyone else had access to the packet from the time the first chemist received it until the time the witness chemist took it from the former's bin the day before trial and tested it.

In *Williams v. State*, 153 Ga. App. 421, 422 (3) (265 SE2d 341) (1980), the person in the crime lab to whom the vial of drugs was turned over did not testify and the witness could not relate when or by whom the vial was brought to the lab. Even so, the state was not required to show the substance was guarded every minute and, in the absence of evidence of tampering, the chain was not broken. Accord *Strong v. State*, 161 Ga. App. 123 (1) (291 SE2d 33) (1982); *Spivey v. State*, 170 Ga. App. 196, 199 (316 SE2d 822) (1984). What is required is reasonable certainty that the evidence offered at trial is the same as that which was seized and has not been tampered with or substituted for. *Strong*, supra at p. 124 (1).

2. It was not error to deny defendant's motion for directed verdict on the count that defendant impliedly represented he was selling a controlled substance. Defendant contends the undercover agent who purchased certain pills from him knew they were not amphetamines but only caffeine or diet pills. The agent testified she specifically requested "Black Beauties," which she knew to be a slang expression for a particular amphetamine, and defendant told her he had one left and gave her a black pill purporting to be a Black Beauty.

The evidence was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. See *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984), which held this to be the proper test regarding the sufficiency of the evidence whether raised by the overruling of a motion for new trial or a motion for directed verdict.

3. (a) Was error committed when defendant's counsel was not permitted on voir dire to ask prospective jurors: "Would you give more weight to the testimony of the police officer opposed to the testimony of the defendant?" He contends this was aimed at uncovering

racial bias because defendant was black and the undercover agent was white.

Both this court and the Supreme Court have upheld the refusal to allow defense counsel to ask on voir dire whether prospective jurors tended to believe police officers in preference to the accused. *Morrison v. State*, 155 Ga. App. 234 (1) (270 SE2d 397) (1980); *Cox v. State*, 248 Ga. 713, 714 (285 SE2d 687) (1982). The question did not gain validity because the two principals in the sale were of different races.

(b) Likewise without merit is the contention that defendant should have been allowed to question the prospective jurors regarding whether defendant's presence in the courtroom required him to prove he was not guilty. *Frazier v. State*, 138 Ga. App. 640, 642 (2a) (227 SE2d 284) (1976); *McNeal v. State*, 228 Ga. 633, 636 (3) (187 SE2d 271) (1972); *Todd v. State*, 243 Ga. 539, 544 (7) (255 SE2d 5) (1979).

4. After the charge, defense counsel agreed with the state and the court that an instruction on entrapment was inadvertently omitted and should be given and stated "other than that — we have no other objections." Then at the close of the court's recharge it inquired of defense counsel whether there was any objection to the original charge, the recharge or the complete charge and received a negative response.

In such circumstances, the four enumerations relating to instructions given or the failure to instruct are waived. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980); *Lumpkin v. State*, 249 Ga. 834, 835 (1) (295 SE2d 86) (1982).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 20, 1986.

*Wayne B. Bradley*, for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.