## 77627. RICHARDS v. THE STATE.
(375 SE2d 278)

McMURRAY, Presiding Judge.

Defendant Richards appeals his conviction of the offense of trafficking in cocaine. *Held*:

1. Defendant enumerates as error the admission into evidence of four of the State's exhibits over defendant's objection as to the chain of custody. Three of the exhibits at issue are quantities of cocaine.

The fourth exhibit is a receipt and return receipt for registered mail. The registered mail receipt and return receipt were distinct and recognizable objects due to their ten digit alpha-numeric identification number. Thus, no chain of custody was required to be proven in regard to this exhibit. *Elder v. State*, 168 Ga. App. 771, 772 (2) (310 SE2d 254).

The three exhibits consisting of cocaine, which were seized at the Atlanta airport, were placed in a heat-sealed plastic bag which was stamped and signed by one of the officers who had participated in the seizure, with another officer signing as a witness. Thus packaged, the three cocaine exhibits were kept in a safe until taken to the United States Post Office and sent by registered mail to a crime laboratory operated by the Drug Enforcement Administration in Miami, Florida. At the crime laboratory the samples were tested by a chemist who received the sealed plastic bag from an evidence custodian whose signature was found on the registered mail return receipt as agent of the addressee crime laboratory. The chemist testified that the plastic bag did not appear to have been opened and resealed prior to her receiving it and explained such tampering would probably be apparent on

visual inspections of the plastic bag due to changes in the size of the bag or appearance of a seam.

Defendant's chain of custody argument rests upon three issues. First, the failure of the State to show the physical custody of the three cocaine exhibits as they were taken from the United States Post Office in Atlanta to the crime laboratory chemist in Miami. Secondly, a discrepancy in the weight of one of the cocaine exhibits as weighed in Atlanta and in Miami. And, finally, the fact that two law enforcement officers each testified that they had mailed the exhibits.

"The items seized were fungible, and where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence. *Terry v. State*, 130 Ga. App. 655, 656 (204 SE2d 372). Hence, the burden is on the prosecution 'to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.' *Johnson v. State*, 143 Ga. App. 169-170 (237 SE2d 681). However, the State need not negate all possibility of tampering and 'need only establish reasonable assurance of the identity' of the confiscated evidence. *Patterson v. State*, 224 Ga. 197, 199 (160 SE2d 815); accord *Anderson v. State*, 247 Ga. 397, 399 (276 SE2d 603)." *Kelly v. State*, 182 Ga. App. 7, 8 (2), 9 (354 SE2d 647).

In view of the evidence as to the tamper-resistant nature of the materials and procedures used to send the cocaine exhibits by registered mail, and the absence of evidence of tampering, it appears to a reasonable certainty that the evidence which reached the crime laboratory chemist is the same as that which was seized. Although there was a discrepancy between the recorded weights of one exhibit sent to and received by the laboratory, the laboratory receiving a weight approximately one ounce greater than was recorded as sent, there is no evidence suggesting that this was caused by tampering or that it was anything other than a weighing or recording error. Similarly, it is obvious that one of the two officers who testified that he mailed the exhibits has faulty recollection on this point. In summation, none of the points argued by defendant amounts to evidence of tampering or cast sufficient doubt on the identity of the exhibits to amount to a broken chain of custody. See generally *Boyer v. State*, 178 Ga. App. 372, 373 (1) (343 SE2d 146); *Hubert v. State*, 181 Ga. App. 684 (353 SE2d 612); *Cook v. State*, 255 Ga. 565, 568 (4) (340 SE2d 843); *Williams v. State*, 181 Ga. App. 49, 51 (3) (351 SE2d 207); *Holmes v. State*, 180 Ga. App. 787, 788 (3) (350 SE2d 497); *Houston v. State*, 180 Ga. App. 267, 268 (3) (349 SE2d 228).

2. Defendant contends the trial court erred in its charge to the jury on circumstantial evidence by failing to charge the jury that circumstantial evidence must exclude every other reasonable hypothesis except the guilt of the accused. Apparently, defendant would have

had the trial court charge the exact language of OCGA § 24-4-6. However, the trial court was not required to give the exact language of the statute. *Price v. State,* 180 Ga. App. 215 (2) (348 SE2d 740). Also, the charge given was substantially similar to that approved in *Carpenter v. State,* 167 Ga. App. 634, 641 (8), 642 (307 SE2d 19), as being entirely consistent with OCGA § 24-4-6. This enumeration of error is without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 3, 1988.

*Darrel L. Hopson,* for appellant.

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney,* for appellee.

*Judgment affirmed. Pope and Benham, JJ., concur.*