## A90A0155. FEDD v. THE STATE.
(391 SE2d 24)

DEEN, Presiding Judge.

Alonzo Fedd brings this appeal from his conviction of violation of the Georgia Controlled Substances Act (possession of cocaine), contending that the trial court erred in denying his motions for a directed verdict and a new trial because the State failed to establish with a reasonable certainty the chain of custody of his urine sample. *Held:*

The evidence showed that a police officer was present when the sample was obtained. He sealed it, labeled it, and placed it in a refrigerator in the sheriff's office. A GBI agent received possession of it

from another officer, who took it out of the refrigerator. The agent checked to see that it was properly sealed and transported it to the State Crime Laboratory. The chemist who received it testified that the sample bore no evidence of tampering.

The chain of custody was sufficiently established. "Circumstances must establish a reasonable assurance of the identity of the sample, but need not exclude every possibility of tampering." *Painter v. State*, 237 Ga. 30, 33 (226 SE2d 578) (1976). "[W]hen there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight." *Johnson v. State*, 143 Ga. App. 169, 170 (237 SE2d 681) (1977); *Anderson v. State*, 247 Ga. 397, 399 (276 SE2d 603) (1981).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED FEBRUARY 12, 1990.

*William M. Shingler, Sr.,* for appellant.
*Charles M. Ferguson, District Attorney, J. Robert Smith, Assistant District Attorney,* for appellee.