## A90A2227. LEWIS v. THE STATE.
(403 SE2d 233)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of three counts of distributing crack cocaine. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdict of guilt.

1. Over appellant's chain-of-custody objection, the trial court admitted into evidence cocaine identified as that which appellant had sold to an undercover agent on three separate occasions. This evidentiary ruling is enumerated as error.

" '[W]here the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence. (Cit.) Hence, the burden is on the prosecution "to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution." (Cit.) However, the State need not negate all possibility of tampering [or substitution], and "need only establish reasonable assurance of the identity" of the confiscated evidence. (Cits.)' [Cit.]" *Spead v. State*, 187 Ga. App. 359, 360 (1) (370 SE2d 213) (1988). In the instant case, there was no evidence of tampering or substitution, and the undercover officer positively identified the cocaine as that which he received from appellant. See *Edwards v. State*, 164 Ga. App. 663 (297 SE2d 105) (1982). Compare *Meeks v. State*, 150 Ga. App. 170 (257 SE2d 27) (1979). The circumstances relied upon by appellant in support of this enumeration relate only to the mere possibility of a break in the chain of custody. "There being, at most, bare speculation of tampering[,] substitution[, or misidentification of the drugs as

those which came from appellant], the trial court correctly admitted the cocaine into evidence. [Cit.]" *Langham v. State*, 196 Ga. App. 71, 72 (1) (395 SE2d 345) (1990). See also *Gilbert v. State*, 159 Ga. App. 326, 330 (6) (283 SE2d 361) (1981).

2. Appellant enumerates as error the denial of his motion for mistrial predicated upon the purported interjection of impermissible character evidence.

Appellant made no objection when the undercover agent testified on direct examination that he had received a large "quantity of pictures from the chief of police. After an undercover buy was made . . . I would go through these pictures and attempt to identify [the sellers] through the pictures." " 'Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. (Cit.)' [Cit.]" *Hight v. State*, 195 Ga. App. 727, 730 (6) (394 SE2d 636) (1990).

When the officer subsequently testified on cross-examination that "[the police chief] furnished me with pictures on police files," appellant did move for a mistrial. The motion was denied, but the trial court admonished the witness and offered to give curative instructions to the jury. This offer was declined, and appellant did not renew his motion. Thus, appellant waived appellate review of the denial of his motion for mistrial. *Gamble v. State*, 194 Ga. App. 765, 768 (2) (391 SE2d 801) (1990). Moreover, even if there had been no waiver, " '[a] mere reference to the fact that defendant's photograph was already in police records, without more, does not inject the defendant's character into evidence. [Cits.]' [Cit.]" *Washington v. State*, 194 Ga. App. 756, 758 (3) (391 SE2d 718) (1990).

3. The trial court's instruction on the presumption of innocence was not, as appellant contends, erroneously incomplete. See *Rigsby v. State*, 184 Ga. App. 330, 331 (2) (361 SE2d 694) (1987); *Ford v. State*, 164 Ga. App. 620 (2) (298 SE2d 327) (1982).

4. In charging on the State's burden of adducing evidence of appellant's guilt beyond a reasonable doubt, the trial court did not intimate that a not guilty verdict could not be based upon the presumption of innocence. To the contrary, the trial court correctly charged that the presumption of innocence remained with appellant "throughout the trial of the case and entitle[d] him to an acquittal, that is, a not guilty verdict unless the State over[came] the presumption of innocence by the introduction of evidence which convince[d] [the jury] of his guilt to a moral and reasonable certainty and beyond a reasonable doubt. . . ."

5. Appellant enumerates as error the trial court's failure, without request, to charge on OCGA § 24-4-6.

"The refusal to give a *requested* instruction on that code section is not error *except* when the case is *totally* dependent upon circum-

stantial evidence, [cit.]. In the *absence* of a request, it is not error to fail to charge on OCGA § 24-4-6 where the case is not close or doubtful and the charge on reasonable doubt is full and fair. [Cit.]" (Emphasis supplied.) *Heath v. State,* 186 Ga. App. 655, 658 (2) (368 SE2d 346) (1988). The instant case is neither close nor doubtful, and the jury instruction that was given on reasonable doubt was full and fair.

Appellant's reliance on *Gibson v. State,* 150 Ga. App. 718, 719 (6) (258 SE2d 537) (1979) is misplaced. Here, unlike in that case, there was *only* direct evidence of appellant's guilt in the form of the testimony of the undercover officer and, if that officer was successfully impeached, there was *no* additional circumstantial evidence upon which to convict appellant. Accordingly, the trial court did not err in failing or refusing to give the charge. "In the event the jury did find that [the officer] had been impeached the jury was [not] left to decide the defendant's guilt or innocence entirely from circumstantial evidence without any instruction upon the law of circumstantial evidence [because there was no circumstantial evidence of his guilt]. This, we think, under the circumstances of this case was [not] error." *Horne v. State,* 93 Ga. App. 345, 346 (4) (91 SE2d 824) (1956). See also *Mayfield v. State,* 153 Ga. App. 459, 461 (3) (265 SE2d 366) (1980).

6. The trial court's charge did not authorize the jury to return a guilty verdict which would be in fatal variance with the allegations of the indictment. The trial court correctly instructed the jury that "[w]hether or not the exact date and any other material allegations [of the indictment] have been proven to your satisfaction and beyond a reasonable doubt is for you . . . to decide. And, again . . . the burden is on the [S]tate and if you [find] the [S]tate has not carried that burden and proved his guilt beyond a reasonable doubt, you should find him not guilty."

7. A rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 4, 1991 —

*Allen & Kelly, Roy Benton Allen, Jr.,* for appellant.
*David E. Perry, District Attorney, Howard B. Buchanan, Assistant District Attorney,* for appellee.