## 64161. PRESSLEY v. THE STATE.

DEEN, Presiding Judge.

Johnny Merrill Pressley was convicted of selling heroin in violation of the Georgia Controlled Substances Act and appeals following the denial of his motion for a new trial.

1. Pressley claims that the trial court erred in permitting a narcotics agent to testify about a separate crime. The transcript shows that only Officer Spratling could identify the defendant and

describe the drug purchase. Spratling testified that Pressley took two packets of heroin from a stocking cap hidden in a tree and later replaced the cap with one packet in it after the officer stated that he only wished to purchase one packet. Officer Taylor testified that he was in charge of the case and that approximately four hours after the sale to Spratling, he went back to the scene to see if he could locate the stash of drugs described by the other officer. He discovered five twenty-dollar bags of cocaine and six twenty-dollar bags of heroin. This evidence was intended to corroborate Officer Spratling's testimony and was not offered as evidence of an independent crime. Pressley lived two blocks from where the cocaine and heroin were found, he was not present when the drugs were found, and he was not charged with possession of them.

"Evidence which in connection with other evidence tends, however slightly, to prove, explain or illustrate a fact, even though it may not be sufficient, standing alone, to sustain a finding of such fact, is relevant, has probative value and is admissible as against objection as to its relevancy. '[D]oubt as to [relevancy] should be resolved in favor of admission and against exclusion, sufficiency not being a test or condition of admissibility.' *Hardwick v. Price,* 114 Ga. App. 817 (1) (152 SE2d 905)." *Bunge v. State,* 149 Ga. App. 712, 717 (256 SE2d 23) (1979). See also *Bearden v. State,* 159 Ga. App. 892 (285 SE2d 606) (1981). As there was no evidence that this testimony was elicited to show that the defendant committed another crime, but was merely to corroborate the testimony of another witness and to lend credibility to his testimony, the evidence was relevant and it was properly admitted.

2. Contrary to appellant's contention, the chain of custody was established. Officer Spratling testified he bought a packet of heroin from Pressley. He and Taylor placed the evidence inside an envelope (state exhibit 1), sealed and labeled it. Both officers signed the flap of the envelope and it was then placed in the drug locker by Jones who had the sole key to the locker. Jones, in turn, delivered the envelope to the head chemist at the State Crime Laboratory. The chemist handed the envelope over to Ms. Hancock, another chemist, for analysis in the presence of Jones. Ms. Hancock testified that the envelope she received was sealed and the contents could not have been commingled with any of the other samples in her locker. Officer Spratling's inability to identify his mark on the packet at trial was explained by Ms. Hancock who testified that she removed the tape containing his mark when she opened the packet to analyze its contents.

" 'Circumstances must establish a reasonable assurance of the identity of the sample, but need not exclude every possibility of

tampering. [Cits.]' *Painter v. State,* 237 Ga. 30, 33 (226 SE2d 578) (1976)." *Dent v. State,* 243 Ga. 854 (257 SE2d 241) (1979).

3. The trial court did not err in allowing the chemist to testify that the substance she examined was heroin. Appellant claims the state failed to provide him with a copy of her scientific report after a timely request. The record shows that counsel filed a request for discovery including a Brady motion several months prior to trial but did not specifically request scientific reports. At trial, Ms. Hancock testified as to her laboratory findings but was not asked about making a report. She did not refer to it on direct examination and it was not introduced into evidence. On cross-examination, she informed counsel that she had sent a report to the district attorney. After objection, the trial court deferred its ruling and the district attorney provided counsel with a copy of the report and cross-examination of the witness continued. After the overnight recess, defense counsel stated although he did not receive a copy of the report, he had seen the district attorney's file which contained the report at least three times and that he had not requested a hearing on his discovery motion which contained the Brady motion. He did not disagree with the court's observation that he never specifically asked for a copy of the report.

The purpose of Code Ann. § 27-1303 is to extend a defendant's right to pre-trial discovery and to prevent surprise at trial by requiring the disclosure of the results of scientific tests which will be used against him. *Hartley v. State,* 159 Ga. App. 157 (282 SE2d 684) (1981). As counsel was fully aware of the report, had access to it in the district attorney's file, and did not request a copy, we fail to see how he has been harmed. As the court held in *Hill v. State,* 248 Ga. 304 (283 SE2d 252) (1981) where the appellant's only complaint was that the state did not furnish him with a copy of requested material pursuant to a Brady motion and he had full access to the district attorney's file, and he has not alleged a suppression of material, the burden is on him to show a Brady violation. We believe that the same rule should be applied in the present case which involves the failure to supply a scientific report.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 26, 1982.

*Charles S. Thornton,* for appellant.

*Lewis R. Slaton, District Attorney, Russell J. Parker, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.