## 64296. BOTHWELL v. THE STATE.

DEEN, Presiding Judge.

1. Appellant was convicted on a two-count indictment of trafficking in cocaine and giving a false name to a law enforcement officer. He complains that the drugs were seized as a result of an unlawful arrest at the Atlanta International Airport, for which reason it was error to deny his motion to suppress.

There was no arrest at the Atlanta Airport. The evidence shows that the airport was under surveillance at the time a flight arrived from Fort Lauderdale. Chapman, an experienced D.E.A. operative, noticed the defendant and got a look at his ticket as the latter asked a gate agent about a connecting flight to Phoenix, from which he established that the ticket was in the name of Michael Thomas, had been revalidated, had been paid for in cash, and a check for one piece of passenger luggage was attached. The agent then went to the terminal computer and found that there had been two reservations made in the name of Michael Thomas at different times, one of which gave a telephone contact. He then called the contact and was informed that nothing was known of a Michael Thomas. He returned to the waiting room of the connecting flight, relocated the defendant, identified himself as a narcotics agent, and asked to speak with him. Permission was granted. The follow-up was carried on because defendant fit several criteria of the so-called drug trafficker profile: He traveled alone, from an identified source city, flying under a false name, carried little or no luggage, purchased his expensive airline ticket in cash, acted very nervous, and had given false information to the airline.

The defendant consented to carry on the conversation out of the waiting room in an office provided by the airline. He consented to a pat-down search of his person and to having his single piece of luggage called up, and he identified it on arrival. He refused, however, to give permission to open it and it was not opened. He then departed, after a total interview time of between five and ten minutes, for his connecting flight. The luggage was detained. The agent sent for a German shepherd who arrived promptly with his keeper and indicated that narcotics were inside the bag. The dog, Adam, has an unsullied record for smelling out drugs, including cocaine. Based on his investigation and on the prior circumstances observed by the agent a search warrant was also promptly obtained and a glassine bag containing the product later identified as cocaine was located. The defendant, who subsequently admitted that his name was not Thomas but Bothwell, was arrested as he attempted to deplane in Phoenix.

We disagree with the appellant's contention that the evidence as outlined above requires the conclusion that coercion was used at any time before the defendant departed for Phoenix, either in the pat-down, in examining the ticket, in having the bag brought up for identification, or in any other way. The defendant twice indicated that he was aware (as he had been in fact informed) that he had freedom of choice and locomotion: once when he refused to allow the bag to be opened, and again when he left to board the Phoenix plane. It is true that the luggage was retained until a search warrant was obtained, but as we hold there was probable cause as outlined above to obtain the warrant it is obvious that authority is implied to prevent the asportation of the bag and destruction of evidence contained within until there has been reasonable time to obtain one. That this was expeditiously done is obvious because not only was the search warrant obtained but there was time to notify Phoenix authorities of the existence of the ensuing arrest warrant before the arrival of the airplane in that city. That the defendant's airplane ticket was not seized is made obvious by the fact that he did in fact board the connecting flight by means of it.

Appellant relies heavily on the recent case of United States v. Berry, 670 F2d 583 (5th Cir.) (1982), in urging that, because courts should closely scrutinize testimony to determine whether the consent allegedly given was voluntary, this court should hold that it was in fact not so. Yet there has been not the slightest attempt to disprove the testimony of the state's witnesses. Neither the defendant nor anyone in his behalf attempted to contest the related facts concerning the airport incident, which itself circumstantially shows great scrupulosity on the part of the agents in guarding the suspect's rights at each stage of the inquiry. The reasonable suspicion which a trained law enforcement officer may feel frequently arises from conduct which would appear innocent to the untrained observer. Brown v. Texas, 443 U. S. 47 (99 SC 2637, 61 LE2d 357) (1979); United States v. Mendenhall, 446 U. S. 544 (100 SC 1870, 64 LE2d 497, 515) (Powell, J., concurring) (1980). And he is expected to assess the facts in the light of his prior experience. United States v. Brigoni-Ponce, 422 U. S. 873 (95 SC 2574, 45 LE2d 607, 619) (1975); Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). The use of the dog in sniffing the defendant's luggage is a limited intrusion warranted by the circumstances of this case. United States v. Beale, 674 F2d 1327 (9th Cir.) (decided April 22, 1982). This defendant was fully informed of his rights at each stage of the proceeding, and there is no evidence to support the contention that he was or even felt himself to be the object of coercion.

2. The remaining enumeration of error contends that the state failed to meet its burden to show the chain of custody of the chemicals

removed from defendant's bag. The burden is on the State to show with reasonable certainty that no tampering with the evidence has occurred, but where there is only a bare speculation of tampering it is proper to admit the evidence and let whatever doubt remains go to its weight. *Toole v. State,* 146 Ga. App. 305, 308 (246 SE2d 338) (1978). Circumstances must establish the identity of the sample with reasonable assurance, but need not exclude every possibility that it has been tampered with. *Painter v. State,* 237 Ga. 30, 33 (226 SE2d 578) (1976); *Pressley v. State,* 162 Ga. App. 457 (291 SE2d 754) (1982); *Johnson v. State,* 143 Ga. App. 169 (237 SE2d 681) (1977). The facts here meet these requirements. Chapman testified that he executed the search warrant, removed the plastic bag containing two smaller bags of white powder, and that they tested positive for cocaine. He placed them in the evidence envelope, heat sealed it, and mailed it to the D.E.A. laboratory in Miami, Fla. It was subsequently mailed back to him at his Atlanta office and he retained it in his office until the trial. Cottrell, a chemist at the Miami D.E.A. laboratory, testified to receiving the envelope from Ivette Vallejo, the Miami laboratory evidence custodian whose signature appears on the identification sheet, and that the package and seal had not been tampered with. He personally weighed it for a gross weight, weighed the powder by itself, did an analysis which was completed August 27, 1981, replaced it in the evidence envelope, resealed it and returned it to the evidence custodian, from where it was sent back to Atlanta.

While it is true that Ivette Vallejo, the Miami authorized evidence custodian whose signature appears on the evidence sheet, was not produced to testify, there is no room for doubt but that the testimony of Cottrell and Chapman, along with the evidence sheet itself, sufficiently establish that it was not tampered with before it was received and tested by Cottrell. We have examined the copy of the evidence sheet introduced on the trial and are satisfied that, contrary to the contentions of the appellant, (a) it does affirmatively state the envelope was received in Miami with seal unbroken, and (b) the package was received on August 24, the examination was completed on August 27, and it was certified by Vallejo on August 28. The sheet does state the gross amount of alleged cocaine powder submitted as being 117.5 gms. gross on one line, and in another place shows an analysis summary of 118.1 gms. gross/70.5 gms. net, with an adulterant of benzocaine, but this .00508 discrepancy in weight is not sufficient to render the evidence inadmissible as a matter of law, in the absence of any suspicious circumstances and considering that the weights were taken at different stages of examination. The credit to be given this discrepancy was properly left to the jury.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 13, 1982 —
REHEARING DENIED JULY 27, 1982.

*Douglas N. Peters,* for appellant.
*Robert E. Keller, District Attorney, Mike Anderson, Assistant District Attorney,* for appellee.