## 66560. SMITH v. THE STATE.

Shulman, Chief Judge.

Appellant was convicted of burglary and appeals, asserting the general grounds.

The evidence at trial revealed that on August 1, 1982, appellant approached the husband of state's witness Janet Ball. As Ball was standing by his car in front of his mother-in-law's house, the witness overheard appellant inform Ball that he had cut a hole in the wire fence surrounding Banister's Upholstery Company and that he planned to enter the building and take some things he could easily sell. Appellant offered to let Ball help himself to the merchandise if Ball would not alert the police. Mrs. Ball testified that she saw appellant, carrying two empty plastic trash bags, go through the hole in the fence and emerge 15 to 20 minutes later with the bags bulging with merchandise. She stated that a woman arrived in a yellow Ford Pinto and that appellant loaded the bags into the car and rode off with the woman. Mrs. Ball wrote down the car's license number and gave it to an employee of a nearby shop, who reported it to the police. Appellant was stopped by a police officer, who found in appellant's possession items which were later identified as having come from Banister's Upholstery. Mrs. Ball postively identified appellant as the man who had conversed with her husband and who had emerged from Banister's carrying two plastic trash bags full of merchandise.

Issues regarding the credibility of witnesses are in the sole province of the jury. *Wade v. State,* 162 Ga. App. 189 (290 SE2d 535). The jury apparently was unmoved by appellant's recitation of the facts as he saw them. The appellate court is restricted to determining the sufficiency of the evidence since only the jury may analyze what weight will be given each witness' testimony. *Davis v. State,* 151 Ga. App. 222, 223 (259 SE2d 207). After a careful review of the record, we are convinced that the evidence was sufficient to support the conviction and that a rational trier of fact could have reasonably found appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

Decided September 26, 1983.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John M. Turner, Jr., Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.