68470. HAZELRIG v. THE STATE.

CARLEY, Judge.

Appellant was indicted for burglary and false imprisonment. He

was tried by a jury and was convicted of burglary, but was acquitted of false imprisonment. Following the denial of his motion for new trial, appellant appeals.

1. Appellant enumerates as error the denial of his motion for a directed verdict as to the false imprisonment charge. Since appellant was ultimately acquitted of this charge by the jury, he suffered no harm as a result of the trial court's ruling. See *Dickerson v. State*, 151 Ga. App. 429 (260 SE2d 535) (1979). Harm as well as error must be shown affirmatively by the record to authorize a reversal. *Chenault v. State*, 234 Ga. 216 (215 SE2d 223) (1975). Appellant's contention that the submission of the issue of false imprisonment to the jury caused it to reach a compromise verdict on the burglary charge is mere speculation and conjecture unsupported by the record.

2. Appellant further enumerates as error the denial of his motions for directed verdict and for new trial with regard to the burglary count. Both of these motions addressed the general grounds.

Construing the evidence in the light most favorable to the verdict, it was established that the victim of the alleged crimes returned home early one afternoon and found an unfamiliar blue car in his driveway. Appellant, who was in the garage area by the victim's house, approached the victim and said that he had seen two kids with bags running out of the back door of the house. Appellant offered assistance to the victim, who replied that he needed no assistance because his brother would be home in half an hour. Appellant then entered the blue car and began to proceed down the driveway, and the victim went into his house. Once inside, the victim was accosted by a second person, who threatened him with a knife. The person forced the victim to lie on the floor, tied his hands, and put a pillow over his face so that he could not see. Shortly thereafter, the victim heard someone enter the house and say, "We need to be leaving. He said his brother is coming back." The victim recognized the voice as that of appellant.

After the two perpetrators left the abode, the victim managed to untie himself and call the police. He discovered that certain items had been removed from the house, and that others had been moved from their normal resting places. When the police arrived, the victim provided a detailed description of the blue car, and he also described appellant and the second person. Almost two weeks later, appellant was seen driving the blue car. He was subsequently arrested and charged with false imprisonment and burglary.

Appellant contends that there was no proof that he entered the dwelling of the victim. However, there was testimony that, although the victim never actually saw appellant inside the house, he did hear appellant's voice therein. Thus, unlike the situation in *O'Quinn v. State*, 153 Ga. App. 467 (265 SE2d 824) (1980), there was evidence of

entry sufficient to support a burglary conviction.

The victim gave the police a description of appellant immediately after the crime was committed, and he informed them that he would recognize the person if he saw him again. He subsequently picked appellant out of a photographic line-up, and he also identified appellant at trial. Mere inconsistencies or omissions of detail in the victim's descriptions do not render his positive identification of appellant invalid as a matter of law. The credibility of the identity testimony was for the jury to determine. *Arnold v. State*, 166 Ga. App. 313 (304 SE2d 118) (1983). Therefore, we hold that there was sufficient evidence of appellant's identity as the perpetrator of the crime.

"Issues regarding the credibility of witnesses are in the sole province of the jury. [Cit.] The jury apparently was unmoved by appellant's recitation of the facts as he saw them. The appellate court is restricted to determining the sufficiency of the evidence since only the jury may analyze what weight will be given each witness' testimony. [Cit.] After a careful review of the record, we are convinced that the evidence was sufficient to support the conviction and that a rational trier of fact could have reasonably found appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]; [cit.]" *Smith v. State*, 168 Ga. App. 148 (308 SE2d 429) (1983). Compare *Muckle v. State*, 165 Ga. App. 873 (303 SE2d 54) (1983), wherein the evidence raised only "grave suspicion" of the appellant's guilt.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 5, 1984.

*Ted B. Herbert*, for appellant.

*Thomas J. Charron, District Attorney, James T. Martin, Debra H. Bernes, Assistant District Attorneys*, for appellee.