## 71101. STEVENS v. THE STATE.
### (338 SE2d 512)

McMURRAY, Presiding Judge.

Defendant was indicted for aggravated assault and appeals his jury conviction of simple battery. The sole enumeration of error is that the evidence was insufficient as a matter of law to support the conviction. *Held*:

We do not agree with defendant that the evidence adduced at trial was totally circumstantial and failed to exclude every reasonable hypothesis save the guilt of the accused. Rather, there was direct evidence from numerous witnesses involved in the chain of events and

defendant admitted throwing the bottle which injured the victim, claiming that he did so in self defense. "Issues regarding the credibility of witnesses are in the sole province of the jury. [Cit.] The jury apparently was unmoved by appellant's recitation of the facts as he saw them. The appellate court is restricted to determining the sufficiency of the evidence since only the jury may analyze what weight will be given each witness' testimony. [Cit.] After a careful review of the record, we are convinced that the evidence was sufficient to support the conviction and that a rational trier of fact could have reasonably found appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); [cit.]" *Smith v. State*, 168 Ga. App. 148 (308 SE2d 429). Accord *Ridgeway v. State*, 174 Ga. App. 663 (1) (330 SE2d 916). We find the defendant's enumeration without merit as the evidence in the case sub judice was sufficient to enable a rational trier of fact (the jury) to find the defendant guilty beyond a reasonable doubt of the lesser included offense of simple battery. *Morris v. State*, 254 Ga. 273 (1) (328 SE2d 547).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 22, 1985.

*Glenn Zell*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, James T. Martin, Assistant District Attorneys*, for appellee.