43942. HILL v. THE STATE.
(351 SE2d 451)

WELTNER, Justice.

Warren Lee Hill shot and killed Myra Wright with a handgun. He was found guilty of murder and sentenced to life imprisonment.[1] The evidence shows that Hill, Wright, and several other people were gathered on a public sidewalk. Hill withdrew a pistol from his clothing and, without warning or provocation, shot the victim. Although wounded, Wright ran from Hill, who pursued her and continued to shoot. The victim collapsed, and Hill stood over her prostrate form

---

[1] Hill was indicted on May 30, 1985, and was convicted and sentenced on March 14, 1986. The notice of appeal was filed on April 9, 1986. The trial transcript was certified on September 5, 1986, and this appeal was docketed here on October 6, 1986. This appeal was submitted November 21, 1986.

and fired several more rounds into her body. Wright died almost immediately, having been shot eleven times.

Shortly after the killing, Hill was arrested and had in his possession a handgun with one live round in the clip. A firearms expert testified that this handgun fired the rounds that killed the victim. Several witnesses identified Hill as the person who shot the victim.

1. The evidence in this case is such that from it a rational trier of facts reasonably could have found Hill guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hill contends the trial court erred "in not giving defense counsel an opportunity" to cross-examine the medical examiner before qualifying him an expert witness. The trial transcript shows that after the assistant district attorney had completed questions touching qualifications he tendered the witness as an expert, and then said to defense counsel: "Would you like to cross-examine him as to his qualifications?" The trial transcript shows no response from defense counsel. The court then said: "Well, you've laid a sufficient foundation to ask him hypothetical questions that you would ask an expert witness in his field." Defense counsel did not communicate to the court his desire to cross-examine Dr. Burton as to qualifications, and took no action to invoke a ruling from the court that he had a right to cross-examine as to qualifications. There was no error. *Andean Motor Co. v. Mulkey*, 251 Ga. 32 (302 SE2d 550) (1983).

3. Hill contends the trial court erred in refusing to give a requested charge on presumption of innocence. This request was derived from language contained in *Coffin v. United States*, 156 U. S. 432, 458, 460 (15 SC 394, 39 LE 481) (1895). The court's opinion was written by Justice (later Chief Justice) White, who devoted ten pages to a detailed examination of the concepts of presumption of innocence and reasonable doubt. This is not to say, however, that language found in this opinion constitutes an appropriate charge, and one that a jury might understand and apply. *Morehead v. Morehead*, 227 Ga. 428, 430 (181 SE2d 59) (1971). As *Coffin* itself acknowledges: "It is well settled that there is no error in refusing to give a correct charge precisely as requested, provided the instruction actually given fairly covers and includes the instruction asked." *Coffin*, supra at 456. The charge given by the trial court was a correct charge on presumption of innocence.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 15, 1987.

*J. Stephen Schuster*, for appellant.
*Thomas J. Charron, District Attorney, Charles M. Norman, As-*

*sistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.