## 74965. RIGSBY v. THE STATE.
### (361 SE2d 694)

BIRDSONG, Chief Judge.

Appellant Gary Dale Rigsby was tried and found guilty of armed robbery. He appeals on the general grounds and also asserts error in the jury charge. *Held*:

1. The evidence showed that two persons entered W. R. Thomas Jewelry Company in Atlanta and asked to see diamond rings. It was discovered the store did not have the ring asked for, and the two men were requested to return the next day. They did so, and proceeded to rob the store, at gunpoint, of merchandise valued at $80,000. Three employees observed and were victims of the robbery. Following a description given, the police settled upon appellant and another person as the suspects and nearly eight months after the robbery exhibited a photographic lineup to the witnesses. Two witnesses identified appellant and the other suspect; the other witness positively identified the older suspect but could only narrow the younger robber to two photographs, one of which was of appellant. At trial, all three witnesses identified appellant as the younger robber.

The appellant contends the verdict cannot be sustained because it is based only upon eyewitness identification. This assertion is patently without merit. There is no allegation that the photographic lineups were impermissibly suggestive. See *Jones v. State*, 251 Ga. 361, 362 (306 SE2d 265); *Robinson v. State*, 180 Ga. App. 248 (348 SE2d 761). As to the credibility of witnesses being a jury question generally, see *Smith v. State*, 168 Ga. App. 148 (308 SE2d 429); *Gamble v. State*, 160 Ga. App. 556 (287 SE2d 593); esp. with regard to identification, see *Hayslip v. State*, 154 Ga. App. 835, 836 (270 SE2d 61). Moreover, applying the factors considered in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) under an allegation of suggestibility, although such is not made in this case, we find that even under those strict standards there was no likelihood of misidentification. See *Dudley v. State*, 179 Ga. App. 252, 254 (345 SE2d 888). The three witnesses had ample view of the robbers during the robbery and on the day before, gave close descriptions, and demonstrated a high level of certainty in the lineup identifications; and all three identified appellant at trial with certainty. Moreover, the fact that eight months after the event two of the witnesses identified appellant in a photographic lineup and one witness identified appellant as one of two suspects, might be found by the jury as rather more credible and certain, than less.

The evidence is such that a rational trier of fact could find guilt of the appellant beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Turner v. State*, 151 Ga. App. 169, 170 (259 SE2d 171).

2. Appellant takes exception to the trial court's refusal to charge as requested that "the presumption of innocence is *in the nature of evidence* on behalf of the accused." (Emphasis supplied.) This enumeration is without merit. The trial court charged the appellant was entitled to the presumption of innocence. The charge was full, fair and complete. *Schuh v. State*, 150 Ga. App. 700, 702 (258 SE2d 328). The language requested, emphasized above, was used in *Coffin v. United States*, 156 U. S. 432, 458 (15 SC 394, 39 LE 481) in a legalistic discussion of the concept of the presumption of innocence, but was not intended to be required in a jury charge. See *Hill v. State*, 256 Ga. 614, 615 (351 SE2d 451). It is not essential to the jury's understanding of the principle and is arguably very obscure and overly narrow in meaning; moreover, it might be seen by a jury as limiting the defendant's right to the presumption in some cases depending on the nature of the evidence. We hope this lays to rest the general question that might be raised in future appeals as to the propriety and necessity of quoting *Coffin* verbatim in a jury charge.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 28, 1987.

*Kenneth D. Feldman*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney*, for appellee.