## 30965. GATLIN v. THE STATE.

HALL, Justice.

Bob Gatlin, Clarence Coachman and Robert Hill were jointly indicted, tried and convicted for the murder of Samuel Green. Hill fired the fatal shot. Each defendant was sentenced to life imprisonment, and this is Gatlin's appeal. The facts as they appeared at the trial are set forth in our recent opinion affirming Coachman's conviction, *Coachman v. State,* 236 Ga. 473 (1976).

Gatlin raises 24 enumerations of error, most of which relate to the voir dire examination of jurors and to the court's instructions and charges to the jury. All are without merit.

1. Enumerations 1, 5, 9, 11, 22 and 24 are deemed abandoned under Rule 18(c)(2) of this court, because they are not supported by citation or argument of any kind. *Allen v. State,* 235 Ga. 709, 712 (221 SE2d 405) (1975).

2. Enumerations 3, 4, 6, 8, 10 and 12 complain of instances of the trial court's refusing to allow Gatlin's counsel to put questions phrased in a certain way to the veniremen on voir dire.

The conduct of voir dire is within the discretion of the

trial court, and his rulings are proper absent some manifest abuse of his discretion. *Whitlock v. State,* 230 Ga. 700, 706 (198 SE2d 865) (1973). The proper scope of the questions is delineated in Code Ann. § 59-705: ". . . counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject-matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror." General questions and technical legal questions are not proper. *McNeal v. State,* 228 Ga. 633, 636 (187 SE2d 271) (1972). Our review of the voir dire shows that the questions counsel here insists upon were properly refused in each instance, either because they were long and confusing or unduly argumentative, or general and hypothetical. The record also shows that the court's rulings did not prohibit counsel from inquiring into relevant matters by properly phrased inquiries.

3. Enumerations of error 7, 13, 14, 15, 16, 18, 19 and 23 claim error in the court's pre-trial instructions to the jury and in specified jury charges. These enumerations are all without merit, either because the prejudice claimed to have been suffered by Gatlin because of these statements is chimerical, or because the statements are not fairly subject to the misconstructions counsel urges.

4. Answering Enumeration 2, where the state waives the death penalty, as here, and co-defendants are jointly tried, the defendants have among them the same number of peremptory jury challenges that a single defendant would have if tried separately. Code Ann. § 27-2101. That number here is 20. Code Ann. § 59-805. At Gatlin's trial, each defendant was given 7, for a total of 21. Although under Code Ann. § 27-2101 the court "acting in its sole discretion" could have allowed each defendant a number of additional strikes, nothing in this record shows that doing so was "necessary to the ends that justice may prevail," and the court did not abuse its discretion in

refusing to grant more.

5. Enumeration 17 objects that the district attorney asked Eberhart a leading question: "What, if anything, did Bob Gatlin say to you when he handed you the gun?" The objection was that the question erroneously implied that he must have said something. The objection was not well taken. Review of the entire transaction shows that the witness had already testified that when Gatlin gave her the gun he asked her to put it in her purse: the question merely sought more particularity with respect to the words actually spoken.

6. Answering Enumeration 20, the jury charge in almost the exact language of Code Ann. §§ 26-603 and 26-604 was proper. *Nunnally v. State*, 235 Ga. 693, 703 (221 SE2d 547) (1975). This charge, generally to the effect that the acts of sane persons and their consequences are rebuttably presumed to have been intentional is not burden-shifting. Cf. *Hill v. State*, 236 Ga. 703 (1976).

7. Enumeration 21 argues that the court erred as to Gatlin in charging on conspiracy and parties to crime, because there was no evidence that Gatlin did anything other than be present when the homicide occurred. This enumeration indirectly raises the question of the sufficiency of the evidence to convict, and we rule that both this charge and the guilty verdict were authorized. The evidence set forth in *Coachman*, supra, was adequate to authorize the jury to conclude that Gatlin was a member of a conspiracy to shoot Green.

All enumerations being without merit, the conviction will be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

Submitted March 22, 1976 — Decided April 6, 1976.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.