for appellee.

## 32209. SCOTT v. THE STATE.

JORDAN, Justice.

Appellant was tried before a jury and was found guilty of murder. The state waived the death penalty, and appellant was sentenced to life imprisonment. In his appeal he enumerates four errors.

1. The trial court did not err in overruling his motion for new trial based upon the general grounds, as the evidence clearly supports the verdict. *Proctor v. State,* 235 Ga. 720 (221 SE2d 556) (1975).

2. The trial court fully instructed the jury on the law of self-defense, accident, and voluntary manslaughter. Appellant charges the trial court with error in refusing to charge the law of involuntary manslaughter.

There is no dispute over the fact that the victim died of a gunshot wound in the head, which occurred when one of two shots was fired. The appellant testified that the victim, without provocation, pulled a gun on him and that a struggle ensued over possession of the weapon, during which the gun discharged. The appellant further testified that he fired the second shot at the victim, intending only to wound him in the leg, out of self-defense. This evidence simply does not raise an issue of involuntary manslaughter. If it is believed the first shot killed the victim, then the issues of murder, accident, and self-defense are raised. If it is believed that the second shot killed the victim then the issues of murder, voluntary manslaughter, and self-defense are raised. Enumeration of error number two is without merit.

3. The court charged the jury on the law of intent as follows: "[T]he acts of a person of sound mind and discretion are presumed to be the product of the person's will, and such person is presumed to intend the natural and probable consequences of his acts; but *either* of these presumptions may be rebutted. Such person, however, would not be presumed to act with criminal intention; but you, the jury, may find such intention upon consideration of the words, the conduct, the demeanor or the motive, and

all other circumstances connected with the act for which the accused is on trial. . ." (Emphasis supplied.)

Appellant claims that by combining the language of Code Ann. §§ 26-603 and 26-604 and using the word "either," that the court led the jury to believe that only one or the other of the two preceding presumptions could be rebutted, but not both. We do not believe that, in the context in which it was used here, the word "either" misled the jury nor was the charge burden-shifting. See *Gatlin v. State,* 236 Ga. 707, 709 (225 SE2d 224) (1976). Enumerations of error three and four are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1977 — DECIDED MAY 13, 1977.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.