## A89A2137. EDDY v. THE STATE.
### (391 SE2d 37)

BIRDSONG, Judge.

Frederick A. Eddy appeals his conviction for possession of cocaine with intent to distribute. Appellant Eddy was arrested with Calvin Bryant after police received a call concerning two described black males selling drugs at a certain street corner in Atlanta. Four officers approached the location and surreptitiously watched two males, including appellant, who fit the description given. Officer Liber watched the men through binoculars; he saw Bryant remove from his trousers three clear plastic bags which contained smaller bags. Appellant Eddy placed two of these large bags in a tin coffee can and hid the can under a nearby trash dumpster, and crossed the street and hid the third bag under another dumpster. The officers retrieved the drugs and arrested appellant and Bryant.

Each of the two bags in the coffee can contained 50 smaller packets and the third large bag contained 46 packets, all containing an off-white chunky substance. They were counted and placed in the drug vault for transport to the State Crime Lab and delivery to expert Sylvia Guice. At trial it was shown that Ms. Guice received the correct number of 146 small packets, but they were in three bags containing 50 packets, 57 packets, and 39 packets. Five packets from each larger bag were tested and found positive for cocaine. Appellant enumerates three errors below. *Held*:

1. Appellant contends the plastic bags obviously were tampered with, or intermingled with contraband from some other source, and thus the State has not carried its burden to prove this evidence was the same as that seized.

We disagree. As appellant concedes, the State's burden is to show " '*with reasonable certainty* that the evidence is the same as that seized and that there has been no tampering or substitution.' " (Emphasis supplied.) *Toole v. State*, 146 Ga. App. 305, 308 (246 SE2d 338). There is no requirement that the exhibit be proved the same with absolute certainty. *Sims v. State*, 243 Ga. 83, 85 (252 SE2d 501). The police officers seized 146 small packets of a chunky substance in three large bags; the crime lab expert received 146 small packets of a chunky substance in three bags. Five small packets from each large bag were tested and proved positive for cocaine. The State concedes that when the officers counted all the packets, they must have inadvertently returned some packets to the wrong large bag, but there is no evidence of *tampering* or *substitution*, and no evidence of a break in the chain of custody. There is no evidence these 146 packets constitute "false" evidence or are not the 146 packets seized from appellant. The evidence of 146 discreet packets in three bags was such that the jury could receive it and determine with reasonable certainty

whether it was the same as the 146 packets in three bags seized from appellant. See *Jung v. State*, 237 Ga. 73, 74 (226 SE2d 599); *Katzensky v. State*, 228 Ga. 6 (3) (183 SE2d 749).

2. The trial court did not commit harmful error in refusing to charge the principle of "equal access." Although, as appellant argues, there may have been an "infinite number" of persons with access to these trash dumpsters, appellant was directly observed placing these bags in the places from which they were directly seized. There was no evidence of other persons with access to the bags where they were found immediately after appellant placed them there. The cocaine was arguably in an open, notorious, and equally accessible area but the evidence was of actual possession. The verdict was not based upon a presumption of possession, and therefore the principle of "equal access" was not available to rebut such presumption. *Castillo v. State*, 166 Ga. App. 817 (305 SE2d 629); see *Fears v. State*, 169 Ga. App. 172, 174 (312 SE2d 174).

3. We have viewed the evidence in light of the jury's verdict, and we find it sufficient to convince a rational trier of fact of appellant's guilt of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 20, 1990.

*M. Muffy Blue*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Keith L. Lindsay, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.