A92A2279. PINSON v. THE STATE.
(429 SE2d 106)

Pope, Chief Judge.
Defendant Janeen Pinson was charged with the offense of traf-

ficking in cocaine and was convicted of the lesser included offense of possession of cocaine with intent to distribute. She appeals.

1. First, defendant argues the trial court erred in admitting evidence of defendant's in-custody statement in which she admitted meeting a man named Dave to pick up a package of what she knew to be cocaine with the intent of delivering it to someone else for payment. At the admissibility hearing, defendant testified she fabricated the story about the cocaine in response to a promise by the interrogating officer that she would be allowed to go home if she cooperated. The evidence shows defendant was interrogated in the office of a retail store which was described as at least 10 feet by 12 feet in dimensions. As many as five police officers were in the room at different times during the period defendant was detained for questioning. Defendant argues this evidence shows her statement was not freely and voluntarily given.

"To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. We have considered the evidence and conclude it does not support defendant's claim that the setting and circumstances in which she was questioned were unduly coercive. In contradiction of defendant's testimony, the interrogating officer testified and denied any promises or threats were made to the defendant when she was questioned. "Factual and credibility determinations . . . made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous." (Citations and punctuation omitted.) *Daniel v. State,* 150 Ga. App. 798, 801 (2) (258 SE2d 604) (1979). We hold the trial court did not err in ruling the in-custody statement was admissible.

2. The cocaine at issue in this case was found in a purse the defendant admitted she mistakenly left in the parking lot of a retail store. Defendant argues the trial court erred in admitting into evidence cocaine identified as that found in the purse because a proper chain of custody was not shown and because the evidence did not show the cocaine taken from the purse and the cocaine presented at trial were identical. We reject both arguments.

Testimony was presented that the voucher attached to the evidence contained a proper notation as to transfer of custody for each time the evidence was brought to or taken from the police department crime lab. That the voucher contained no notation as to who conducted a fingerprint test did not show a break in the chain of custody. The evidence established that the fingerprint test was conducted at the police crime lab at the direction of the officer in charge of the case before it was transported to the State crime lab. "The circumstances relied upon by [defendant] in support of this enumera-

tion relate only to the mere possibility of a break in the chain of custody. There being, at most, bare speculation of tampering, substitution, or misidentification of the drugs as those which came from [defendant], the trial court correctly admitted the cocaine into evidence." (Citations and punctuation omitted.) *Lewis v. State*, 198 Ga. App. 808, 809 (403 SE2d 233) (1991).

The objection on the ground of identity is based on the fact that the officer who took the evidence from the purse and submitted it to the police department crime lab described the evidence on the evidence voucher as six plastic bags of suspected cocaine. At trial, the evidence consisted of nine bags. It is obvious from the testimony that the discrepancy arises from the fact that one or more of the six bags found in defendant's purse contained smaller bags and that the total number of plastic bags of cocaine found in the purse matches the number in the State's exhibit of evidence. Despite any confusion over the total number of bags of cocaine at issue in this case, "there is no evidence of *tampering* or *substitution*, and no evidence of a break in the chain of custody." *Eddy v. State*, 194 Ga. App. 576 (1) (391 SE2d 37) (1990).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 25, 1993 —
RECONSIDERATION DENIED MARCH 11, 1993.

*Groover & Childs, Sara E. Roberts*, for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Assistant District Attorney*, for appellee.