## A00A0983. GRANADOS v. THE STATE.
### (534 SE2d 886)

JOHNSON, Chief Judge.

A jury found Miguel Granados guilty of sale of cocaine and trafficking in cocaine. Granados appeals from the convictions entered on the verdict, alleging (1) the evidence was insufficient to support his conviction for trafficking in cocaine, (2) the trial court erred in its charges to the jury, (3) the trial court erred in admitting his custodial statement, and (4) the trial court erred in allowing the investigator who obtained his statement to translate the statement at trial. Because each of these contentions is without merit, the convictions are affirmed.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that on August 14, 1997, an undercover narcotics officer met with Granados. Granados spoke in English, discussed future cocaine sales, and gave the officer his telephone and pager numbers. On August 19, 1997, Granados agreed on the telephone to sell a half-ounce of cocaine to the officer for $500. The next day, Granados arrived at the designated location for the sale. He arrived in a car with co-defendant Tony Mendoza. Granados sold the undercover officer a half-ounce of cocaine for $500. He told the officer he could get more cocaine through a friend named Tony and gave the officer Mendoza's pager number. Granados told the officer that the more the officer bought, the more money Granados would make.

The officer contacted Mendoza and arranged to buy one kilogram of cocaine from Mendoza for $25,000 on August 26, 1997. Although Granados was not involved in the negotiations for the sale of the kilogram of cocaine, the agreement could not have taken place without his assistance. When the officer arrived at the designated sale site, Granados and Mendoza drove up and got out of their car. The particulars of the drug deal were discussed. Mendoza wanted to go to a hotel room; the officer refused. It was agreed that Mendoza would go retrieve the cocaine while Granados waited with the officer. Five to ten minutes later Mendoza returned, his trunk was opened, and the officer examined the cocaine. At this point, a signal was given, and the surveillance team arrested Granados and Mendoza. Granados claims he did not know about the drug deal until Mendoza began talking to the officer.

Shortly after his arrest, Granados was interviewed in Spanish by an officer fluent in English and Spanish. Granados told the officer

he was to receive $100 from Mendoza for his presence at the drug deal. He stated he did not know the quantity of drugs. The interview was recorded on audio and videotape. It was played for the jury and testified to by the officer who took the statement.

Under OCGA § 16-2-21, one who intentionally aids and abets in the commission of a crime is a party to the crime and may be convicted of the commission of the crime. Contrary to Granados' trial testimony that he was merely present at the scene and did not know about the drug deal, his statement to police immediately following his arrest and his presence, conduct, and companionship with Mendoza before and during the offense are circumstances from which his aiding and abetting may be inferred.[1] A jury could have reasonably concluded from the evidence that Granados was a party to the crime of trafficking in cocaine. Therefore, the evidence was sufficient to sustain Granados' conviction under the standard established in *Jackson v. Virginia*.[2]

2. The trial court did not err in charging the jury that "[a]ll the witnesses did take an oath to speak the truth, and the witnesses are presumed to have spoken the truth." This charge has been approved by the United States Supreme Court.[3] Although this charge has been criticized as possibly being misleading, the charge is not unconstitutional and has not been found to constitute reversible error.[4]

3. Granados contends the trial court erred in refusing to charge on conspiracy as a lesser included offense of trafficking in cocaine.[5] However, contrary to Granados' contention, the evidence introduced at trial established without dispute that the trafficking in cocaine offense had, in fact, been committed. While there may have been some dispute regarding Granados' participation in the trafficking offense, there was no dispute that the offense occurred. Thus, a charge on the lesser included offense of conspiracy was not warranted: "The failure to charge on conspiracy under these circumstances is not error, because, if the crime has in fact been committed, the co-conspirators are guilty as parties to the commission of the crime under OCGA § 16-2-20."[6] This enumeration of error lacks merit.

4. The trial court properly admitted Granados' custodial state-

---

[1] *Eason v. State*, 234 Ga. App. 595, 597 (1) (507 SE2d 175) (1998).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Cupp v. Naughten*, 414 U. S. 141, 143-147 (94 SC 396, 38 LE2d 368) (1973).

[4] *Noggle v. State*, 256 Ga. 383, 385-386 (4) (349 SE2d 175) (1986); *Frost v. State*, 200 Ga. App. 267, 271 (5) (407 SE2d 765) (1991).

[5] See generally OCGA § 16-4-8.

[6] (Citation and punctuation omitted.) *Byram v. State*, 189 Ga. App. 627, 628 (3) (376 SE2d 909) (1988); see also *Williams v. State*, 191 Ga. App. 913, 915 (4) (383 SE2d 344) (1989).

ment into evidence. At the pretrial *Jackson-Denno* hearing, an investigator testified concerning the circumstances surrounding Granados' custodial statement. The investigator testified that he gave the required *Miranda* warnings in Spanish and that Granados stated he understood his rights. There was no evidence of any threats, violence, coercion, or promises made to induce the statement. Based on the totality of the evidence presented at the hearing, the trial court found that Granados made the statement freely and voluntarily. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal.[7] In the present case, the trial court's findings were amply supported by the evidence.

5. Granados contends the trial court erred by allowing the investigator who obtained his custodial statement to translate that statement from Spanish to English for the jury. According to Granados, the investigator's credibility was impermissibly bolstered when the court allowed the investigator, rather than a neutral interpreter, to translate the statement.

It appears from a review of the trial transcript that this is the first time Granados has raised this particular objection. His only objection at trial was based on his motion to exclude the statement because it was not freely and voluntarily given. In fact, during the *Jackson-Denno* hearing, the state played portions of the taped statement and asked the investigator to translate what was being stated on the tape. Granados did not object to the investigator's translation and at one point agreed on how the investigator would translate one portion at trial. It is well settled that objections not raised at trial are waived.[8] Granados cannot now complain on appeal that the trial court erred in allowing the investigator to translate the taped statement.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 23, 2000.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.

---

[7] *Gober v. State*, 264 Ga. 226, 228 (2) (b) (443 SE2d 616) (1994).

[8] See *Kight v. State*, 242 Ga. App. 13, 18 (3) (500 SE2d 914) (2000); *Allen v. State*, 224 Ga. App. 324, 326 (5) (480 SE2d 328) (1997).