A00A2376. WILLIAMS v. THE STATE.

(543 SE2d 402)

ELDRIDGE, Judge.

A Franklin County jury convicted Robert Williams of trafficking in cocaine in violation of OCGA § 16-13-31. He was sentenced to 30 years confinement to serve 20 years and the remainder probated. The defendant appeals from the superior court's denial of his motion for new trial, as amended, contending that the superior court: (1) erred in charging the jury that it was authorized to convict him of trafficking based on a finding of actual, joint, or constructive possession because the indictment alleged trafficking by actual possession alone; (2) erred in admitting evidence of his bad character; and (3) erred in admitting his custodial statements as unwarned under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Finding no merit in defendant's claims of error, we affirm. *Held*:

1. The superior court properly admitted the defendant's custodial statements into evidence. Defendant was arrested following the execution of a search warrant at his Lavonia residence resulting in the seizure of approximately 136 grams of cocaine found buried in the backyard. As he was being transported to the Franklin County Jail thereafter, the defendant told arresting officer Joey Smith that "he couldn't charge him because his dope was not in the house, it was outside." At the county jail several days later, the defendant asked to call the Piedmont Northern Multi-Agency Narcotics Squad ("MANS") to speak with the agent assigned to his case. Acting on defendant's request, the head jailer called MANS and connected the defendant with Investigator Terri L. Moss. Among other things, the defendant told Investigator Moss that individuals he termed the "New York boys" and a man named "Pops" were involved in the trafficking offense against him.

"Not all in-custody statements are subject to *Miranda*. A volunteered statement, which is not the product of interrogation or its functional equivalent, would not be suppressible on this ground. *Rhode Island v. Innis*, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980). . . . The definition of interrogation can extend only to words or actions on the part of

police officers that they should have known were reasonably likely to elicit an incriminating response. . . . *Zubiadul v. State*, 193 Ga. App. 235, 237 (387 SE2d 431) (1989)." (Punctuation omitted.) *Johnson v. State*, 224 Ga. App. 568, 569 (481 SE2d 268) (1997).

*Thompson v. State*, 234 Ga. App. 74, 76 (1) (b) (506 SE2d 201) (1998). At trial, although the defendant denied it,[1] Officer Smith and Investigator Moss testified that defendant's statements were unwarned as volunteered. There was no evidence of threats, violence, coercion, or promises made to induce the statements. Even were the contrary true, such error would have been harmless in light of the overwhelming evidence of the defendant's guilt otherwise adduced by the State, inclusive of a third incriminating statement made by the defendant not complained of on appeal. *Coleman v. State*, 271 Ga. 800, 804 (6) (523 SE2d 852) (1999) ("Any error in the admission of appellant's custodial statement . . . was rendered harmless by overwhelming evidence of [his] guilt. . . . [Cit.]"). Pertinently, the record reflects that while in the Franklin County Jail the defendant told fellow prisoner, Ricky Pierce, he learned that a police search of his residence was imminent and buried the cocaine later seized in his backyard to avoid being arrested, intending to steal it from the "New York boys," presumably his suppliers, by claiming he had been forced to flush it.

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the [evidence] will be upheld on appeal." *Granados v. State*, 244 Ga. App. 153, 155 (4) (534 SE2d 886) (2000). In the instant case, the superior court's findings were fully supported by the evidence.

2. Neither did the superior court err in denying defendant's motion for mistrial grounded upon the claim that State's witness Raymond Lumpkin twice placed evidence of the defendant's bad character before the jury by: (a) testifying he purchased cocaine from the defendant earlier on the day of defendant's arrest after the defendant had gone into the backyard of his residence to get it, and (b) further opining that the defendant had buried the cocaine in the backyard because the cars in which he formerly kept it were no longer there.

"It is well settled that all circumstances connected with the accused's arrest are admissible, even though they incidentally put his character in issue. [Cits.]" *Reynolds v. State*, 234 Ga. App. 884, 886 (2) (508 SE2d 674) (1998). Moreover, "[w]hen transactions involving other crimes are so connected in time and event as to be a

---

[1] The defendant testified that he requested counsel upon being interviewed.

part of the same transaction as that for which [the] accused is being tried, they are admissible. [Cits.]" *Hyatt v. State*, 210 Ga. App. 425 (2) (436 SE2d 540) (1993). The complained-of sale occurred only several hours before defendant's arrest and linked the defendant to cocaine later seized in his backyard. Inasmuch as these circumstances were connected to defendant's arrest, they were admissible though they incidentally put his character in issue. *Reynolds v. State*, supra. Further, the superior court struck witness Lumpkin's testimony insofar as it suggested additional, uncharged misconduct by defendant for selling drugs stored in cars once located behind his house. The court gave a curative instruction directing the jury to disregard Lumpkin's testimony. In this regard, if we determined witness Lumpkin's testimony to be impermissible for placing evidence of the defendant's bad character before the jury (and we do not hold that it is), "[t]he decision to give curative instructions to the jury rather than grant the mistrial request following the introduction of bad character evidence [is] within the discretion of the trial court and [is] not error. [Cits.]" *Wesley v. State*, 228 Ga. App. 342, 344 (3) (491 SE2d 824) (1997). In the instant circumstances, the superior court did not abuse its discretion in electing to give a curative instruction.

Moreover, even assuming the instant claim as error, in light of defendant's volunteered custodial statements of record and the overwhelming nature of the evidence otherwise of record, including his admission to Pierce, as above, we conclude that it is highly unlikely that such error would have contributed to the jury's guilty verdict. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976); *Reynolds v. State*, supra at 887; *Crawford v. State*, 230 Ga. App. 568 (497 SE2d 45) (1998); *Query v. State*, 217 Ga. App. 61, 63 (3) (456 SE2d 704) (1995). Reversal is therefore not required on this claim of error.

3. Finally, because the evidence was that the defendant was in actual possession of the cocaine buried in his backyard, he cannot claim harmful error arising out of the superior court's charge indicating that the jury could convict upon a finding of actual, joint, or constructive possession thereof notwithstanding his indictment upon actual possession alone. *Cheeks v. State*, 234 Ga. App. 446, 447 (1) (507 SE2d 204) (1998), citing *Romano v. State*, 193 Ga. App. 682, 683 (2) (388 SE2d 757) (1989); see also *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995) (potential for conviction of a crime not charged not implicated in the absence of evidence that defendant committed crime in such manner). On the same basis, the defendant's argument that the equal access defense is pertinent in these circumstances is also misplaced. There was no evidence of other persons having access to the cocaine where it was buried.[2] In that the cocaine was buried in

---

[2] Pierce testified that defendant admitted hiding the cocaine by himself.

the defendant's backyard, it was not in an area equally accessible to others. And since "[t]he verdict was not based upon a presumption of possession, . . . [the] equal access [principle] was not available to rebut such presumption. *Castillo v. State*, 166 Ga. App. 817 (305 SE2d 629) [(1983)]; see *Fears v. State*, 169 Ga. App. 172, 174 (312 SE2d 174) [(1983)]." (Punctuation omitted.) *Eddy v. State*, 194 Ga. App. 576, 577 (2) (391 SE2d 37) (1990).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 29, 2000.

*Charles D. Strickland*, for appellant.

*Robert W. Lavender, District Attorney, Richard K. Bridgeman, Assistant District Attorney*, for appellee.