A10A1551. THOMAS v. THE STATE.
(702 SE2d 788)

BARNES, Presiding Judge.

Johnny L. Thomas appeals his convictions for sale of cocaine, possession of cocaine, and misdemeanor obstruction of a police officer. He contends that the trial court erred in denying his motion for directed verdict of acquittal because the evidence was insufficient to support his convictions. Following our review, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Thomas] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

*Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

So viewed, the evidence shows that the Valdosta Police Department staged a "planned buy-bust operation" utilizing two confidential informants (hereinafter "CIs"). The CIs met with police at the station and after being searched, were wired with audio and video equipment. They drove to a "high crime and . . . high drug area" and approached Thomas and asked him if he had any crack cocaine. Thomas told one of the persons to exit the car for the buy, and after doing so the CI paid Thomas $20 for the cocaine. Police were monitoring the buy from approximately one block away, and once the sale was completed and the agents were leaving the scene, they went to the location to arrest Thomas. Thomas attempted to run away and

was observed tossing aside a plastic bag. Police apprehended Thomas, recovered the bag, and the contents field tested positive for cocaine. Police also recovered the money used for the purchase in Thomas' possession.

After the arrest, the CIs came to the police station where they gave the cocaine from the drug purchase to the detective in charge of the operation. The detective conducted a field test of the suspected cocaine, and it also tested positive. Thomas was charged with sale of cocaine, possession of cocaine, and misdemeanor obstruction of a police officer. Following a jury trial, he was found guilty on all counts. He now appeals.

1. Thomas contends that the trial court erred in denying his motion for a directed verdict of acquittal challenging the chain of custody. Thomas argues that the chain of custody was interrupted between the evidence custodian at the police department and the GBI crime lab, which then delivered it to a private testing facility, because there was no testimony from the recipient at the crime lab or evidence log showing that the cocaine tested at the private facility was the same cocaine obtained from Thomas. We do not agree.

When there is an issue as to the chain of custody of fungible evidence, the reviewing court must determine whether the State established with reasonable certainty that the evidence examined is the same as that seized and there has been no tampering or substitution. *Phillips v. Williams*, 276 Ga. 691 (583 SE2d 4) (2003); *Dean v. State*, 211 Ga. App. 28, 30 (3) (438 SE2d 380) (1993).

Here, the record reveals that police put the cocaine in separate bags marked by a case number and separate evidence numbers. The evidence custodian testified that she removed the bags from a secure evidence bin, logged them into evidence, and personally delivered them to the GBI crime lab. She testified that the evidence bags were in the same or substantially the same condition as when she delivered them to the GBI lab. The chemist from the private facility which tested the cocaine testified that when the evidence is received at the laboratory, it is logged in and given a work order number that "follow[s] the evidence throughout the entire process." She testified that State's Exhibits 2 and 3 were the items that she received and that "they appear[ed] to be in the same or substantially the same condition" as when they were last in her possession.

Contrary to Thomas' argument, the State's evidence showed with reasonable certainty that the evidence examined was the same as the evidence seized. There was no evidence of substitution or tampering. Where the testimony shows that the police placed the substance in an identifiable container and that the crime lab technician who tested the substance received it in the same container with no proof of tampering or substitution, the State has met

its burden of showing with reasonable certainty that the substance tested was the same as that seized. *Maldonado v. State*, 268 Ga. App. 691, 694 (1) (603 SE2d 58) (2004).

2. This evidence, along with evidence that Thomas attempted to flee from police and tossed a plastic bag containing cocaine was sufficient to sustain his convictions for the sale of cocaine, possession of cocaine, and obstruction of a police officer under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[1]

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 29, 2010.

*Meredith G. Brasher*, for appellant.
*J. David Miller, District Attorney, Justo C. Cabral III, Assistant District Attorney*, for appellee.

---

[1] OCGA § 16-10-24 (a) provides in pertinent part, "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." See *Sharp v. State*, 275 Ga. App. 487, 488-489 (1) (621 SE2d 508) (2005).